REANDO *et al.* v. MISPLAY, *Administrator, Appellant.*

1. **Contract, When Implied : INSANE PERSON.** While an insane person cannot bind himself by express contract, the law will imply a contract on his part to pay for necessaries furnished him, and services rendered, in good faith, and under circumstances justifying their being furnished or rendered, and his estate will be bound for them.

2. **Insane Person, Action Against Estate of for Services : EVIDENCE.** In an action by a daughter against the administrator of her deceased mother, to recover for care, nursing and attention,

90  251
32a  108
32a  113
90  251
112  76
53a  56
53a  195
90  251
137  176
70a  498
90  251.
f152  336
90  251
101a  ¹683

alleged to have been rendered by her to her mother while the latter was insane, an order of the county court appointing a guardian for the mother, as an insane person, and the guardian's settlement, are not admissible in evidence as affecting the implied contract between plaintiff and her mother for compensation for plaintiff's services, there being no previous order of the court declaring the mother insane; but such evidence may be received to show that the guardian had authority to, and did, as *de facto* guardian, furnish the mother with necessaries.

3. ———: ACTION BY DAUGHTER FOR SERVICES TO INSANE MOTHER. Where a daughter rendered services to her insane mother in taking care of her, and waiting on her, and intended, while so doing, to charge for the same, and such services were necessary to the comfort and well being of the mother, the daughter may recover their value. But if the services were rendered as acts of gratuitous kindness, and as a member of the family, with no intention of charging for the same, the daughter cannot recover for them, and in such case it makes no difference how meritorious and valuable they may have been to the mother.

4. ———: PRACTICE. The fact that a plaintiff might have sued the guardian of an insane person, if such guardian had been appointed as provided by statute, cannot affect the right to sue the administrator, the guardianship being terminated by the death of the insane person.

*Appeal from Washington Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*Hough, Overall & Judson* for appellant.

The insanity and wardship of Mrs. Boyer, which appear from the testimony, notwithstanding the exclusion of the order of the county court, render it unnecessary to inquire how far the requirements of section 7, chapter 2, statutes, 43 Eliz., imposing the duty of maintenance of "poor, blind, lame, and impotent persons," upon their children, obtain in this state, under our statute adopting the common law, and to what extent if any, such requirements have been modified by our statute in relation to "the support of the poor." Under

our statute in relation to insane persons, it was the duty
of V. B. Misplay, as guardian of Mrs. Boyer, to provide
for her proper support and maintenance, and if her own
estate was insufficient for that purpose, the county court
was authorized, upon the application of the guardian,
to appropriate money from the county treasury for that
purpose.  R. S., secs. 5799, 5806, 5819, 5821.  In the ab-
sence of testimony to the contrary, the presumption is,
that the guardian performed his duty, and there being
no testimony that the services rendered by the daughter,
Catherine, were necessary to prevent want or suffering,
the question as to whether the services sued for were
necessary, was improperly submitted to the jury.  More-
over, if the services rendered were necessary, and there
was an implied contract on the part of any one to pay
for them, such implied contract arises as to the guardian
alone, and the claim for compensation should have been
presented to him for settlement, and not to the adminis-
trator.   In order to constitute the demand in question a
lawful claim against the administrator, there must have
been an obligation to pay on the part of the decedent,
Mrs. Boyer.   Being insane, and known to be so by the
plaintiff, Catherine, she could not make an express con-
tract which would bind her.   *Halley v. Troester*, 72 Mo.
73.   That no implied contract can arise so as to create a
pecuniary liability on the part of one, who, by reason
of being insane, is disqualified to make an express con-
tract, is a proposition too plain for argument.   In the
case of *Halley v. Troester, supra*, the contract which
the court held to be a nullity was entered into before
Halley was adjudged to be insane.   Under the rule laid
down in that case, if Mrs. Boyer had paid the plaintiff,
Catherine, anything before the appointment of Misplay
as her guardian, he could have recovered it back.   The
court, therefore, erred in instructing the jury that there
could be any implied contract on her part to pay for the
services rendered her while insane.   The defendant was

entitled to have the order of the county court ap-
pointing him guardian of Mrs. Boyer read in evidence.
Guardianship is conclusive respecting the disability of
the ward. *Rannells v. Gerner*, 80 Mo. 474.

*Dinning & Byrns* for respondents.

The instruction given by the court covers the whole
law applicable to the facts of the case. *Hay v. Walker*,
65 Mo. 17 ; *Allen's Adm'r v. Richmond College*, 41 Mo.
303 ; *Whaley's Ex'r v. Peak*, 49 Mo. 80 ; *Smith v.
Meyers*, 19 Mo. 433 ; *Guenther v. Birkicht*, 22 Mo. 439 ;
*Hart v. Hart*, 41 Mo. 441. Mary Boyer being insane is
no reason why plaintiff should not recover in this case.
A lunatic is liable for necessaries suitable to his state
and degree. Metcalf on Contracts, 78, 79 ; *Sawyer v.
Lufkin*, 56 Me. 308. Evidence of the appointment of
Misplay as guardian of Mary Boyer, was only admis-
sible for the purpose of showing that he had, in fact, as
guardian *de facto*, furnished the necessaries needed by
said Mary, and that it was unnecessary for plaintiff to
give her services to her mother. The record referred to
could not defeat plaintiff, for her mother was not
declared insane by any court. *State ex rel. Kiel v.
Baird*, 47 Mo. 301. It was not necessary for plaintiff to
proceed against the guardian in the lifetime of her
mother. First, there was no legal guardian ; second, it
cannot be true that if a claim be due, and you fail to sue
the party in his lifetime, after death you are thereby
precluded from obtaining an allowance against the es-
tate of the deceased. The only thing which could inter-
fere would be the statute of limitations, and in this case
it was not interposed by defendant.

NORTON, J.—This is a suit by Catherine Reando,
*née* Catherine Boyer, and daughter of Mary Boyer,
against the administrator of the estate of said Mary

Boyer, mother of said Catherine, to recover for "care, nursing, and attention," alleged to have been rendered by her to her mother, from October 1, 1872, to May 28, 1882. It appears from the testimony for the plaintiffs, as well as from the testimony for the defendant, that Mary Boyer, mother of the plaintiff Catherine, was insane during the whole of the period for which compensation is claimed, and that she died in May, 1882. The evidence of plaintiffs tended to show that the husband of Mary Boyer died in 1865, leaving a homestead on which she and plaintiff continued to reside till her death, during the whole of which period she was insane and required the care and attention of some one; that he also left a small amount of personal property, to-wit: one horse, two or three head of cattle, and seventy-five dollars in money, which the widow retained, and to which she was absolutely entitled under the law, it not appearing that there was any administration on the husband's estate. The evidence further tended to show that from 1865 to 1882, the plaintiff bestowed upon her mother all the care and attention she required, did the work about the house, sawed wood, rented out the cultivating part of the farm, did washing for some of the neighbors and received pay in provisions; that the care of her mother was worth one hundred dollars a year with board.

The evidence of defendant, while it established the fact of the insanity of Mrs. Boyer, also tended to establish the fact that her condition was such as to require the care of some one, and that such service could have been performed by a twelve or fifteen-year-old child; and that one Misplay, who had procured some pension money for Mrs. Boyer, furnished her with necessaries, but to what extent does not appear. Two of defendant's witnesses testified that plaintiff had told them that she did not intend to charge for her services, which was contradicted by the evidence of plaintiff. During the

progress of the trial defendant offered in evidence an order of the county court of Washington county, Missouri, which court then had jurisdiction over the property of insane persons, at its November term, 1869, appointing V. B. Misplay guardian of Mary Boyer, an insane person, and also the settlement of said Misplay as such guardian, for the purpose of showing that Mary Boyer had been cared for by her guardian ; but the evidence was by the court excluded upon the ground that Mary Boyer had not been declared an insane person by a prior order of said court, and the court held that said order was not competent to go to the jury to affect the implied contract between plaintiff and her mother for compensation for her services, but it might go to the jury for the purpose of showing that Misplay had authority to, and did, furnish, as *de facto* guardian, Mary Boyer with necessaries. This ruling of the court was excepted to, as well as the action of the court in giving the following instruction :

"Gentlemen of the jury, the court instructs you that where services are rendered and received, a contract of hiring, or obligation to pay, will be presumed, but a presumption may arise from the relationship of the parties, that the services rendered are acts of gratuitous kindness, and in this case it is a question for you, taking into consideration all the circumstances, including the nature and degree of the relationship of the parties and their circumstances in life, to determine whether there was any implied contract for compensation or not. Now, if you find from the evidence in this cause, that plaintiff rendered services to the mother in taking care of her and waiting on her, and that she intended while rendering such services to charge the mother for the same, and that her mother was insane at the time, and that such services were necessary for the comfort and well being of her mother, then you will find the issues for the plaintiff, and allow her in your verdict such sum

as you may believe, from the evidence in the cause, she is entitled to, not exceeding the sum of one thousand dollars.

"If you find the issues for the plaintiff, in ascertaining what compensation you shall allow her, you must confine yourself to the last ten years of Mary Boyer's life, and you must also take into consideration the situation of the parties, the property occupied by her and her mother, and the kind and nature of the services rendered.

"But, on the contrary, if you believe and find, from the evidence in this cause, that plaintiff rendered the services sued for as acts of gratuitous kindness to her mother, and as a member of the family, with no intention of charging her for the same, then you must find the issues for the defendant, and in such case it makes no difference how meritorious and valuable her services to her mother may have been."

It is insisted that the instruction of the court is erroneous, because it allows a recovery on an implied contract, and it is contended that an insane person cannot be bound on an implied contract. In support of this contention we have been cited to the case of *Halley v. Troester*, 72 Mo. 73. It is only held in that case that an insane person cannot bind himself by express contract; it does not go so far as to overthrow the rule that when necessaries are furnished an insane person, the law will imply a contract to pay for them. The rule is thus stated by Phillips on Lunatics, page 17: "The courts of law and equity imply a contract by one *non compos mentis* to pay for necessaries supplied to him, but, if he is already sufficiently supplied with any goods, it seems he is not liable for a further supply of such goods, although supplied without notice of the previous supply." The principle announced by this author is emphasized in the case of *Sawyer v. Lufkin*, 56 Maine,

308, where it is said by Appleton, C. J.: "This is an action for necessaries furnished the defendant, an insane person over twenty-one years of age, and under guardianship. The guardian appears and contests the plaintiff's claim. If necessaries are furnished a person in this condition, in good faith, and under circumstances justifying their being so furnished, the person furnishing may recover. If the law were not so, the insane might perish, if a guardian having means should neglect or refuse to furnish the supplies needed for their support. They stand in the same position as minors, and are liable for necessaries. * * * Nor is this limited liability changed by a statute, which provides that ' when a person over twenty-one years of age is under guardianship, he shall be deemed incapable of disposing of his property, otherwise than by his last will, or of making any contract, notwithstanding the death, resignation or removal of the guardian.' This prohibits all express contracts by the insane. They cannot be liable on any express promise, but their estate may be held when the law implies one. * * * The estate of the insane is legally, as well as equitably, liable for necessaries furnished in good faith and under circumstances justifying their being furnished."

The fact that plaintiff might have sued the guardian of Mrs. Boyer, if such guardian had been appointed as provided by statute, cannot affect plaintiff's right to sue her administrator, as such guardianship was terminated on the death of Mrs. Boyer. In this view of the subject, we must uphold the ruling of the trial court, in rejecting the order of the county court offered in evidence. The judgment, we think, is for the right party, and, finding no error in the record affecting the merits of the controversy, it is hereby affirmed. All concur.