## SALLIE HARTLEY et al., Respondents, v. ESTATE OF WILLIAM HARTLEY, Deceased, Appellant.

### St. Louis Court of Appeals, April 8, 1913.

1. **PARENT AND CHILD: Services Rendered by Child: Contract: Sufficiency of Evidence.** In an action by an adult child against the estate of her deceased father for services rendered in taking care of him, evidence *held* sufficient to support a finding that the child intended to charge, and decedent intended to pay, for her services, warranting a recovery by her.

2. **——: ——: ——: Evidence.** Although loose declarations to neighbors and friends, indicative of mere affection or gratitude on the part of a parent, are not sufficient to authorize a finding of an intention to pay for services rendered him by an adult child, yet where there is coupled with them a statement of the parent to the effect that he desires the child rendering the services to be paid therefor, a finding of intention to do so may be inferred.

3. **INSANE PERSONS: Contracts; Necessaries.** Although one may not enter into an actual contract unless he is *compos mentis,* yet a contract binding an insane person to pay the reasonable value of actual necessaries furnished him while insane is implied in law, provided the party furnishing the necessaries intended to charge therefor at the time.

4. **PARENT AND CHILD: Services Rendered by Child: Contract: Consistency of Theories: Instructions.** A demand by an adult child for compensation for services rendered his deceased father, in taking care of him while he was in a helpless condition, based on an actual contract between them, binding the parent to pay for the services rendered, and a demand by the child, based on the theory of a contract implied by law, binding the parent to pay for services rendered him while insane, while inconsistent in theory and in the science of the law,

are not inconsistent in the sense essential to defeat a right of recovery, for, whether the contract established be actual or implied, the essential cause of action is established by showing either and its breach;· and hence it was not error to submit both theories to the jury for a finding.

5. ——: ——: ——: Instructions. In an action by an adult child against the estate of her deceased father for services rendered in taking care of him, an instruction given for plaintiff is approved, following Reando v. Misplay, 90 Mo. 251.

6. APPELLATE PRACTICE: Controlling Decisions of Supreme Court. Where an instruction has been approved by the Supreme Court, the propriety of giving a like instruction on a similar state of facts will not be considered by the Court of Appeals.

7. PARENT AND CHILD: Services Rendered by Child: Presumptions: Contracts. Where one renders valuable services to a stranger, which the latter receives and appropriates, the law presumes that he is to be compensated, but where a close family relation appears, such as parent and child, the presumption is that the services are gratuitous.

8. ——: ——: ——: ——. The presumption that services rendered by an adult child to a parent are gratuitous affects solely the burden of proof, and casts the burden of repelling the presumption on the child suing for compensation.

9. ——: ——: ——: ——: Instructions. In an action by an adult child to establish a claim against her deceased father's estate for services rendered him, where the court, in an instruction given for defendant, correctly charged that the presumption was that the services were gratuitous, an instruction for plaintiff, authorizing a recovery on the finding of an actual contract, was not objectionable for omitting any reference to the presumption, since the instructions must be read together to determine their correctness.

10. INSTRUCTIONS: Correctness: Entire Charge Considered. Although an instruction given for plaintiff fails to instruct concerning a matter that should be covered, yet if defendant's instructions fully cover such matter, the error is not a reversible one, since the instructions are to be read together to determine their correctness.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett*, Judge.

Affirmed.

*Robertson & Robertson* for appellants.

(1)  The plaintiffs are not entitled to recover for the reason that they failed to establish either an express or an implied contract to be paid for their services, and defendants are entitled to a reversal.  40 Cyc. 2809; Lawson on Contracts (2 Ed.) secs. 39, 43; 1 Beach on the Modern Law of Contracts, secs. 653-655; Smith v. Myers, 19 Mo. 433; Woods v. Land, 30 Mo. App. 176; Cowell v. Roberts, 79 Mo. 218; Tumility v. Tumility, 13 Mo. App. 444; Koch v. Hebel, 32 Mo. App. 103; Callahan v. Riggins, 43 Mo. App. 130; Brock v. Cox, 38 Mo. App. 40; Erhart v. Dietrich, 118 Mo. 418; Louder v. Hart, 52 Mo. App. 377; Finnell v. Gooch, 59 Mo. App. 209; Kostuba v. Miller, 137 Mo. 161; Lawrence v. Bailey, 84 Mo. App. 107; Birch v. Birch, 112 Mo. App. 157; Fitzpatrick v. Dooley, 112 Mo. App. 165; Bircher v. Boemler, 204 Mo. 554; Cupp v. McCallister, 144 Mo. 111; Brand v. Ray, 156 Mo. App. 622; Guenther v. Birkichts, Admr., 22 Mo. 439.  (2) Plaintiff's instructions 1, 2, 3 and 4 are error and should not have been given.  Authorities supra.  (3) The court erred in refusing defendant's instruction 1. Authorities, supra.  (4) The court permitted the plaintiffs to introduce improper testimony as to value of services.

*Fry & Rodgers* for respondent.

(1)  Under the whole evidence in the case it was a question for the jury to say whether there was any implied contract between plaintiffs and the deceased that plaintiffs were to be compensated for their long and faithful services to their father.  Hart v. Hart's Administrator, 41 Mo. 441; Allen v. Allen, 101 Mo. App. 676; Cole v. Fitzgerald, 132 Mo. App. 17; Fry v. Fry, 119 Mo. App. 476; Bosard v. Powell, 79 Mo. App. 184; Hayden v. Parsons, 70 Mo. App. 493.  (2)  Where necessaries are furnished one *non compos mentis,* in

good faith under circumstances justifying their being so furnished, the courts of law and of equity imply a contract and the party furnishing the same should recover. Reando v. Misplay, 90 Mo. 251; authorities, supra. (3) Plaintiff's third and fourth instructions were proper declarations of the law. Allen v. Allen, 103 Mo. App. 683; Hart v. Hart, 41 Mo. 446; Reando v. Misplay, 90 Mo. 251; Ramsey v. Hicks, 53 Mo. App. 190; Hayden v. Parsons, 70 Mo. App. 493.

NORTONI, J.—This is a suit against decedent's estate for the reasonable value of services rendered through caring for him during the last years of his life. Plaintiffs recovered and defendant prosecutes the appeal.

Plaintiffs, maiden ladies, each aged over forty, are the daughters of William Hartley, who died in March, 1910 at the age of eighty-three years. It appears that the two plaintiffs resided together with their father and mother on his farm of eighty acres, as members of the same family, until the mother died in March, 1904. At that time William Hartley, plaintiffs' father, was seventy-seven years of age and in poor physical health and probably *non compos mentis* as well. Plaintiffs continued as before in the father's home and cared for him with great tenderness and sympathy. The evidence tends with great force to show that William Hartley was, during all of these years, not only sick and infirm and physically incapacitated, but mentally so as well. Indeed, the evidence tends to prove that he was violently insane at times, while at other times he seemed to be rational, but practically all of the time *non compos*. In this situation, decedent, of course, required constant care and attention, and it appears that his condition required considerable washing of clothing, bed clothing, etc., etc. The two plaintiffs, his daughters, both of whom, as said before, were over forty years of age, rendered all of these services, to

the end of protecting their father and making him comfortable, until he died in March, 1910, at the age of eighty-three years. It appears plaintiffs kept house for their father, did all of the cooking and washing and chores about the place, and waited upon him whether in bed or out and constantly attended his every want. Under the instructions, the jury found the issues for plaintiffs as though, first, they either rendered the services, intending at the time to charge therefor and that in such circumstances they were entitled to recover, provided their father was insane during all the time involved, on the theory that the law implies a contract against an insane person for actual necessaries furnished him; or, second, that plaintiffs rendered the services intending at the time to charge therefor and their father intended to pay them the reasonable value for such services. All of the evidence reveals that the services rendered were valuable in character and actually necessary in the condition of the aged parent, and, as we understand it, these propositions of fact are not controverted. However that may be, the jury were required to and did expressly find these facts to be true.

But it is urged the evidence is wholly insufficient to authorize a finding of an intention to pay the reasonable value therefor on the part of the decedent. Of course, plaintiffs were not permitted to testify in their own behalf because of the statute declaring their incompetency. But there are some expressions of the decedent made during his lifetime in evidence and much in the facts and circumstances of the case, tending to prove that plaintiffs intended to charge and their father intended to pay, provided he was competent to contract at all. It is true there is no evidence of an express contract and there is but little in the form of words spoken by the decedent affording a reasonable inference that he intended to pay, but under the rule which prevails in this State in such cases,

there seems to be enough for the jury on that score. Upon a few occasions, when their father seemed to be rational, he made statements to neighbors who called, to the effect that the girls were awfully good to him and as though he appreciated and was grateful for their efforts in his behalf. On another occasion, one witness testified the old gentleman said, ''He wanted to fix so the girls would have something to take care of them after he was gone, but he said his son said, there wasn't any use; that the law would take care of them better than he could.'' To another witness, after expressing his gratitude for the constant care and attention of his daughters, he said, ''He wanted the girls to have a home when he was dead.'' Moreover, ''He said they were always good to him; anyone couldn't be better to him and he said he hoped when he died that there would be enough left that these girls should be *paid* as they had been so good to him.'' He made this statement upon several occasions. When these expressions are considered together, in the circumstances of the case and in the light of all of the evidence, and the mind is directed to the italicized expression that the decedent wanted his daughters paid, we believe there is sufficient to authorize the jury to infer that an actual, though not an express, contract existed between the parties as by a meeting of the minds, to the effect that plaintiffs expected compensation for, and that the father intended to pay, or that they should be paid from his estate, the reasonable value of the services rendered. It is to be conceded loose declarations made to neighbors or friends indicating mere affection or gratitude on the part of the parent are not sufficient to authorize the finding of an intention to pay, as is determined in the case of Louder v. Hart, 52 Mo. App. 377. But though such be true, when there is coupled with such expressions a statement of the decedent to the effect that he desired those rendering the services should be ''paid'' therefor, the authori-

ties rule that a finding of intention to do so may be had therefrom. [See Hart v. Hart's Admr., 41 Mo. 441; Cole v. Fitzgerald, 132 Mo. App. 17, 111 S. W. 628; Fitzpatrick v. Dooley, 112 Mo. App. 165, 86 S. W. 719.] There appears to be sufficient in the evidence tending to prove an intention to pay on the part of the decedent, provided he was competent to contract, and that question was properly referred to the jury.

But it is said the plaintiffs occupy and insist upon inconsistent positions, in that the case proceeds upon the theory that their father was competent to contract with them, which issue was submitted in one instruction, and that he was an insane person during all the time and therefore incompetent to contract, which issue was submitted in another. There can be no doubt that both propositions were submitted to the jury as predicates of liability, and it is clear that, in theory and in the science of the law, they are inconsistent in the last analysis. Obviously one may not enter into an actual contract unless he is *compos mentis* at the time, for to do so there must be an *aggregatio mentium,* which implies a sound mind; but there are cases in which the law, by construction, supplies a contract by implication, in accord with the precepts of natural justice, and among such contracts so implied as a matter of law is one on the part of an insane person to compensate the reasonable value for actual necessaries furnished him while insane. For a case directly in point, see Reando v. Misplay, 90 Mo. 251, 2 S. W. 405. Contracts of the latter class arise as a conclusion of law on the facts and circumstances of the case and are to be enforced, provided it appears.the parties furnishining the actual necessaries to the insane person intended to charge therefor at the time. In the case of an actual contract (though not an express one) which may be found or inferred from the facts and circumstances in evidence, of course an agreement of two or more sane minds is essential, but

in the case of a contract strictly implied by the law (as in the case of an insane person to compensate for actual necessaries) it is necessary only that one party intending to charge therefor should furnish valuable services to another which are actual necessaries, and on this the law, through fiction, concludes a contract obtains to pay the reasonable value. Such is the doctrine of Reando v. Misplay, 90 Mo. 251, 2 S. W. 405, and that was a suit by a daughter, as here, against the estate of her mother, an insane person, for services which were found to be actual necessaries rendered during the latter years of the mother's life. Therefore, though it be generally true, as insisted, that there can be no actual contract as between sane persons and a contract between the same parties made at the same time and in contemplation of the same subject-matter when one of such parties is insane, for the reason such insane party may not agree, it is not true that no contract at all may appear in the hypothesis last stated. But it is true that the proof of the one contract—that is, an actual contract—would operate to disprove the facts invoking the implied one, and it is true, too, that if the jury should find a contract of one character to exist the other is essentially repelled. However this may be, both are contracts equally valid in the law—the one an actual contract, and the other a strictly implied one—and by virtue of each an identical liability may be entailed, that is, to respond for the reasonable value of services or goods furnished which are actually necessary. Of this it is to be said, the cause of action asserted by plaintiffs is not the character of a particular contract but is rather their right of redress for the failure to observe the obligation of a contract valid in law. This being true, it is entirely clear that, though the proof of a contract of one character may disprove the other, and that to this extent the two positions are inconsistent as to a minor detail, it is clear, too, that such proof is not inconsistent in that sense essen-

tial to defeat a right of recovery—that is, the cause of action—for whether the contract was an actual or an implied one, the essential cause of action was established by showing either and its breach. It is true the actual contract, no doubt, entails an obligation to respond even though all the services were not actual necessaries and the implied one involves an obligation more limited in its scope, as it vouchsafes compensation for actual necessaries only, but be this as it may, the evidence here reveals a liability, if at all, of the latter class as for actual necessaries, and this alone is sufficient.

It is argued that plaintiffs' instruction No. 1 is erroneous, but that matter is concluded here, for it appears an instruction in the same language and on a like state of facts is set out in the opinion and approved by the Supreme Court in the case of Reando v. Misplay, 90 Mo. 261, 2 S. W. 405. This being true, it will be unnecessary to examine this instruction further.

Complaint is made concerning the instruction authorizing a verdict for plaintiffs on the finding of an actual contract, in that such instruction omits to inform the jury that the services rendered by plaintiffs to their father were presumed to be gratuitous. Ordinarily, among strangers, where one renders valuable services to another, which he receives and appropriates, the law presumes they are to be compensated, but where a close family relation appears, as here, this presumption does not obtain. Indeed, in such cases, the presumption goes to the effect that the services so rendered are gratuitous and that the member of the family performing them does not expect to charge therefor nor the parent intend to pay. This presumption affects the matter solely as to the burden of proof, for it operates to cast the onus of repelling it upon plaintiff. [See Fitzpatrick v. Dooley, 112 Mo. App. 165, 86 S. W. 719; Kostuba v. Miller, 137 Mo. 161, 38

S. W. 946; see, also, Wagner v. Edison Elect. Illuminating Co., etc., 141 Mo. App. 51, 121 S. W. 329.]

It is true that, while the plaintiffs' instruction under consideration required the jury to find an actual contract, in that the plaintiffs expected to charge for their services and that their father intended to pay therefor, it did not direct that the services were presumed to have been rendered gratuitously. However, neither did this instruction inform the jury that the law presumed the services should be compensated. The presumption which the law affords in different circumstances was not referred to in this instruction one way or the other, but it appears that it was accurately set forth in the instructions for defendant, and obviously this was sufficient. The instructions are to be read together and those given on the part of defendant pointedly inform the jury that the services sued for were presumed, on account of the family relation, to have been gratuitously rendered, and that the burden was on plaintiffs to overcome and remove this presumption by establishing a contract from the evidence before a recovery could be had. It would have been better for plaintiffs' instructions to have treated with this matter, but in view of the clear statement of the rule in those given for defendant, it is clear that no reversible error appears on that score. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.