**WALKER v. ALTMEYER et al., Social Security Board.**

**No. 261.**

Circuit Court of Appeals, Second Circuit.

July 12, 1943.

Francis M. Shea, Asst. Atty. Gen. and Harold M. Kennedy, U. S. Atty., and Vine H. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y., Sidney J. Kaplan, Sp. Asst. to the Atty. Gen., and Jerome C. Strumpf, Atty., Department· of Justice, of Washington, D. C., for appellants.

John E. Walker, of New York City, appellee in person.

Before L. HAND, · AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This action was brought under § 205(g), of the Social Security Act Amendments of 1939, 42 U.S.C.A. § 405(g), to compel the payment of primary insurance benefits after these had been denied by the Social Security Board. John E. Walker, the plaintiff, reached the age of sixty-five on October 4, 1938, and applied to the Social Security Board for a lump sum payment under the Social Security Act of 1935, 42 U.S.C.-A. § 301 et seq. His application was granted and he received a payment of $107.80. Thereafter, on January 3, 1940, he filed another application for monthly insurance benefits following a notice from the New York field office of the Social Security Board that he was entitled to such payments if eligible under § 202(a) of the Social Security Act, as amended on August 10, 1939. 42 U.S.C.A. § 402(a). In his application Walker stated that he was not receiving wages of $15 or more per month for employment as defined by the Act. Under § 203(d) (1) of the Act, 42 U.S.C.A. § 403 (d) (1), he would not have been entitled to the monthly benefits had that not been the fact. On April 4, 1940, the Bureau of Old Age and Survivors Insurance of the Social Security Board certified to the plaintiff a monthly insurance benefit of $24.03 as of January, 1940. From the benefits of the first five months, which totaled $120.15, there was .deducted the lump sum payment of $107.80 already received by Walker, leaving a balance of $12.35 which he received in May, 1940. He received thereafter his regular monthly benefits through February of 1941, but no further payments were made for the reason that the Bureau had received reports from Walker's former employer which indicated that he was receiving wages in excess of $15 a month. The Bureau then ruled that those payments which were accepted by Walker when he was earning more than that amount were to be deducted from future benefits and that a penalty deduction equal to twelve monthly benefits was required by § 203(g), 42 U.S.-C.A. § 403(g), for failure to report the fact of his employment.

The plaintiff thereupon requested and received a hearing before a referee who con-

cluded that the Bureau had correctly determined that he was employed for wages in excess of $15 a month. The penalty provisions assessed against the plaintiff's future benefits were, however, set aside and there was a recomputation of the basis of the future benefits. The Appeals Council, before which Walker then went, adopted the referee's determination and the findings made to support it.

This suit then followed and resulted in the denial of a motion by the defendants for summary judgment and the granting of the plaintiff's motion. Final judgment was entered for the plaintiff reversing the decision of the Social Security Board and remanding the cause to it to compute the primary insurance benefits to which the plaintiff was entitled without interest and to certify the amount and time of payments to the Managing Trustee pursuant to § 205(i) of the Social Security Act Amendments of 1939, 42 U.S.C.A. § 405(i).

The decision and findings of the referee show the following facts: Walker, a practicing attorney, rented office space from another attorney, Pliny Williamson, in the year 1927. Shortly thereafter Williamson hired Walker to perform legal services for him and paid Walker a fixed monthly salary. This arrangement, which likewise provided that the payment of rent should cease, continued until April 30, 1938, when a new arrangement was put into effect whereby Walker was to receive office space to be charged to him at $100 per month and was to work off the rent by performing services for Williamson at a stipulated rate of pay per hour. It was contemplated that Walker should receive at least enough work to meet his rental obligation and the agreement likewise provided for additional compensation in the event that Walker's services exceeded the amount of the rent. There was no change in the kind of work that Walker did for Williamson. While there was less work than there once had been, the work remained in the nature of legal services performed at the direction of Williamson and subject to his control. This has been conceded by the plaintiff who testified in answer to a question as to whether there was any difference in the character of the work performed after May of 1938 that there was no difference except that the amount was substantially diminished. The referee therefore found that Walker was employed for wages within the meaning of the Act just as he had been be-

fore and that he was not entitled to any benefits since his earnings were in excess of $15 per month.

The plaintiff, however, has always maintained that he rendered services after May of 1938 as an independent contractor and that the new arrangement made with Williamson at that time ended what had once been an employer-employee relationship. It is true that the method of compensation was changed by the new arrangement, but that is not decisive on whether or not the employer-employee relationship continued to exist.

█ It is perfectly clear that the referee had ample evidence in the testimony of the plaintiff to support his finding that the plaintiff performed the same kind of services under the same supervising control of Williamson after the method of computing his pay was changed. It is true that he was not then a full-time employee and had some practice of his own, yet the findings bring him fairly within the definition of "employee" as defined for the purposes of this Act in Reg. No. 3 (Part 403, Title 20, Code of Federal Regulations, 1940 Supp.), § 403.-804 promulgated by the Social Security Board under Title II, § 205(a) of the Social Security Act Amendments of 1939, 42 U.S.-C. A. § 405(a). There can be no doubt that Williamson was entitled under the arrangement with the plaintiff to control what the plaintiff should do and supervise how he should do it. Whether he did in fact exercise those contractual rights is not of much account. That he could of right do so is a sufficient basis for the decision of the referee, adopted by the Appeals Council, that the plaintiff was an employee.

█ The facts underlying that decision which were found on substantial evidence were, of course, binding upon the district court. That is not the question this appeal raises. The error into which the court fell was not that of making new and contrary findings but that of substituting new and contrary inference of its own from the found facts which led it to reverse the administrative conclusion which had been reached as to the employee status of the plaintiff. That sort of action went beyond the power of the district court to review in such a suit as this. It was the judgment of the administrative body as to an employer-employee relationship rather than that of the court which the statute made effective provided that judgment was based upon

conclusions reasonably reached upon due consideration of all relevant issues presented after parties in interest had been given a fair hearing or a fair opportunity to be heard upon the facts and the applicable law. Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed. 301.

Had the court below kept within the permitted scope of its review it would have, on this record, been bound to adopt the conclusions reached by the administrative body and to grant the motion of the defendants for summary judgment.

Judgment reversed.