**Myrtle I. McGREW, Plaintiff,**

v.

**Oveta Culp HOBBY, Secretary, Department of Health, Education and Welfare, United States of America, Defendant.**

**Civ. A. No. T-899.**

United States District Court,
D. Kansas.

March 11, 1955.

**628**

Myers, Gray & Hall, Topeka, Kan., for plaintiff.

Selby S. Soward, Asst. U. S. Atty., Topeka, Kan., for defendant.

WALLACE, District Judge.

The plaintiff, Myrtle I. McGrew, a Kansas citizen, brings this action against the Secretary of the Department of Health, Education and Welfare of the United States, to gain a review of the Secretary's "final decision" disallowing plaintiff's claim for old-age insurance under the Social Security Act.[1]

The record indicates that plaintiff attained the age of 65 in January 1952. On April 16, 1953, she filed her application for benefits with the Bureau of Old-Age and Survivor's Insurance, Social Security Administration, and alleged that she had been employed as a domestic by her sister, Erminna M. McGrew, from January 1951 through December 1952. The claim was disallowed by the Bureau on the grounds that no employer-employee relationship existed between plaintiff and her sister and that consequently the funds received by plaintiff did not constitute "wages" under the Act.[2] Plaintiff appealed from the Bureau's ruling; and, was given a hearing before a referee at Topeka, Kansas on March 2, 1954, at which time plaintiff, and witnesses in her behalf gave testimony. On March 8, 1954, the referee rejected plaintiff's claim for the same reason given by the Bureau, and such order became the "final decision" of the defendant Secretary on April 15, 1954, when the Appeals Council refused to review the referee's decision.[3]

W.2d 209; and, Wilkinson v. City of Shreveport, 1936, La.App., 165 So. 471.

This Court in reviewing the many authorities dealing with the problem at hand wholeheartedly agrees with the observation made by the Court in the Country Club District Service Co. case, footnote 10, supra, 8 N.W.2d at page 325: "The significance of these cases lies not so much in the analytical validity of the reasons given as in the fact that the basic sense of justice so appealed to these courts that they had no hesitation in deciding as they did. * * *"

1. See in particular 42 U.S.C.A. § 402(a).

2. 42 U.S.C.A. § 410(k) provides in part: "The term 'employee' means—* * * (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee;

* * *." See section 409 for "Definition of wages". Read 20 C.F.R., 1953 Supp., 404.1004(c) for Regulations' definition of "common law employees".

The letter to plaintiff from the Bureau, out of the Kansas City, Mo. Area Office, stated in part: "Pay received from Erminna M. McGrew, 1131 N. Harrison Street, Topeka, Kansas, could not be included because an employer-employee relationship did not exist between you and the alleged employer."

3. This denial said: "This case is before the Appeals Council upon request of the claimant for review of the referee's decision rendered on the 8th day of March 1954. We are of the opinion that a review of the referee's decision would result in no advantage to the claimant; therefore, the Request for Review is hereby denied."

The Court has carefully studied the entire record, including the transcript of the proceedings before the referee and is of the opinion that the Secretary's final decision must be left undisturbed.

 If this case were being tried "de novo" this Court might well find that the required employer-employee relationship did exist and that plaintiff was entitled to the requested benefits under the Act; and, in considering the evidence pertinent to this review the Court has made every effort to view plaintiff's case in the most favorable light inasmuch as the Court's personal sympathy runs in her favor. However, under the Act, Congress has not given this Court authority to "try again" plaintiff's claim, but has vested this Court with the power solely to review the administrative rulings and alter such findings and conclusions only where there is no *substantial evidence* to support said rulings;[4] and, a thorough reading of the record of the previous administrative proceedings indicates that there is substantial evidence to support the final administrative ruling, as ex-

pressed by the referee, "that the relationship between the claimant and her sister was not after 1950 that of employer-employee within the meaning of section 210(k) (2) of the Social Security Act and the regulations thereunder" but rather was one of "two sisters devoted to one another, caring for each other, making their home together for the rest of their lives, each contributing to the other's welfare, and each dependent upon the other."

The following conclusions are given in connection with the Court's holding:

1. The Court has jurisdiction of the parties and of the subject matter of this suit.[5]

 2. This Court cannot substitute its judgment for that of the Secretary;[6] and, inasmuch as a review of the entire record discloses that full and fair administrative consideration was granted plaintiff and that substantial evidence in support of the administrative findings and conclusions exists, such ruling must be affirmed.[7]

---

4. Section 405(g) provides in part: "* * * The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive * * *." As mentioned in Rambin v. Ewing, D.C.La.1952, 106 F.Supp. 268, 272: "Under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), the findings of the Appeals Council are conclusive if supported by 'substantial evidence'. Substantial evidence means 'enough [evidence] to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' National Labor Relations Board v. Columbian E[nameling] & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660. * * *"

5. See section 405(g).

6. Cf. Gray v. Powell, 1941, 314 U.S. 402, 412, 62 S.Ct. 326, 333, 86 L.Ed. 301, wherein Justice Reed said: "Where as here a determination has been left to an administrative body, this delegation will be respected and the administrative conclusion left untouched. Certainly a finding on Congressional reference that an admittedly constitutional act is applicable to a particular situation does not require

such further scrutiny. Although we have here no dispute as to the evidentiary facts, that does not permit a court to substitute its judgment for that of the Director. (Citing authority.) It is not the province of a court to absorb the administrative functions to such an extent that the executive or legislative agencies become mere fact finding bodies deprived of the advantages of prompt and definite action."

7. "Under this section of the Social Security Act providing for appeals from an administrative board, as under other similar acts, the board's findings of fact must be sustained if the court finds they are supported by substantial evidence. This same finality extends to the Board's inferences and conclusions from the evidence if a substantial basis is found for them. (Citing authority.)" United States v. LaLone, 9 Cir., 1945, 152 F.2d 43, 44. Also, as observed in Walker v. Altmeyer, 2 Cir., 1943, 137 F.2d 531, 533, 534: "* * * It was the judgment of the administrative body as to an employer-employee relationship rather than that of the court which the statute made effective provided that judgment was based upon conclusions reasonably reached

Defendant Secretary is entitled to summary judgment. Within 15 days counsel should submit a journal entry which conforms with this opinion.

upon due consideration of all relevant issues presented after parties in interest had been given a fair hearing or a fair opportunity to be heard upon the facts and the applicable law. (Citing authority.)"

See Social Security Board v. Warren, 8 Cir., 1944, 142 F.2d 974; Hemmerle v. Hobby, D.C.N.J.1953, 114 F.Supp. 16; and, Holland v. Altmeyer, D.C.Minn.1945, 60 F.Supp. 954.