Claudia B. THURSTON, Plaintiff,

v.

Oveta Culp HOBBY, Secretary of Health, Education and Welfare, Defendant.

No. 8912.

United States District Court
W. D. Missouri, W. D.
July 25, 1955.

Donald E. Raymond, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., Kansas City, Mo., O. J. Taylor, Asst. U. S. Atty., Springfield, Mo., for defendant.

RIDGE, District Judge.

This action is before the Court pursuant to the provisions of Section 405(g), Title 42, United States Code Annotated, to review a final decision of the Secretary of Health, Education and Welfare, denying plaintiff benefits under the Social Security Act, Sub-Chapter 2 of Chapter 7, Title 42, U.S.C.A. § 401 et seq., as amended.

Plaintiff made application for Old-Age Insurance Benefits at the Kansas City office of the Social Security Administration on December 9, 1952. Benefits were denied plaintiff on May 12, 1953, for the reason that plaintiff was not a person fully insured, as she only had four (4) of the necessary six (6) quarters for coverage as required by the Act. In reaching that determination, plaintiff's claim that she was an employee of her sister, doing household work in the apartment where they both lived, during the period from November, 1951, to December, 1952, was rejected. Plaintiff requested and received a hearing before a Referee as provided in the Act, who after hearing the testimony of plaintiff and her sister found that plaintiff was entitled to the old-age benefits for which she had applied. The Referee specifically found that beginning with November, 1951, the relationship between the sister and claimant became a bona fide employer-employee relationship, so that wages paid for services were covered by the Social Security Act. In reaching that determination, the Referee stated, however, that "the matter is not entirely free from doubt," but giving "credit to claimant's reiterated testimony that the previous relationship between herself and her sister was changed beginning November 1, 1951, and that from that time on claimant was paid under an agreement for doing more housework and for bearing additional responsibilities for the maintenance, not only of the quarters in which the parties lived but for the entire duplex," he states that he was led to such conclusion.

The transcript of the administrative record made herein reveals that some time prior to the plaintiff's application for Social Security benefits she visited the local Social Security office on several occasions, inquiring about a family arrangement whereby she could acquire the additional two quarters of coverage, to those she then had, so as to qualify for Social Security benefits. Plaintiff's position is, that she acquired the necessary additional two (2) quarters of coverage during the period from November, 1951, to December, 1952, by reason of her employment by her sister to perform domestic service in the home of that sister. Prior to that time, plaintiff had resided with her sister in the same home since 1945. The sister was employed when plaintiff began to live with her and continued to be so employed during the whole period of time here in question.

According to the testimony of plaintiff and her sister, an arrangement was made in November, 1951, between her and her sister whereby plaintiff would assume full responsibility for all the household duties to be performed in maintaining the living quarters where they both resided, and for work around the other half of the duplex where they lived that was also owned by plaintiff's sister; that plaintiff would be paid the sum of $35.00 per week and would be furnished room and board by her sister for such responsibility. Before those arrangements were made, plaintiff and her sister had shared the household duties of their living quarters, perhaps not equally but substantially so. After the arrangement, the evidence is that plaintiff did all the household chores and assumed responsibility for keeping their living quarters clean and looking after the maintenance of the other half of the duplex, and that she worked steadily in the performance of such duties until the arrangement was terminated December 3, 1952. After the termination of her alleged employment by her sister, plaintiff continued to live in the same living quarters and helped to keep the same clean and tidy, but she says that she no longer felt full responsibility for all the housework. In 1951, plaintiff's sister claimed plaintiff as a dependent for income tax purposes, but did not so claim her for the year 1952 because of the income plaintiff was earning. Although allegedly receiving such an income, plaintiff did not report it for income tax purposes (R., p. 57) and, so far as the record reveals, paid no income tax thereon, though obliged so to do under the Internal Revenue Code then in force and effect, 26 U.S.C.A., Part II § 21 et seq. The record herein reveals certain minor inconsistent statements made by plaintiff and her sister in the application filed for Social Security benefits and their testimony given before the Referee, particularly with reference to the quantum of services performed by plaintiff around the household prior to 1951, and those performed during and subsequent to the arrangement between them, as well as the amount of compensation paid to plaintiff during the last quarter of her alleged employment by her sister.

As above stated, the Referee found that plaintiff was entitled to the old-age insurance benefits for which she applied. Thereafter, the Appeals Council, on its own motion, proceeded to review the decision of the Referee on the record, as provided in Section 405(b), Title 42, U.S.C.A. In so doing, the Appeals Council made findings of fact and conclusions of law with respect to plaintiff's claim. The final determination of the Appeals Council was that plaintiff "was not a 'fully insured individual' at the time she filed her application for benefits and was not entitled to such benefits on the basis of (her) application" under the Social Security Act. The decision of the Referee was accordingly reversed. In its findings of fact, "the Referee's statement of facts" was incorporated therein by reference. The Appeals Council, however, specifically found "that no employer-employee relationship existed between the sister and the claimant under the usual common law tests and that the claimant did not acquire any quarters of coverage in addition to the four (4) quarters previously credited to her," as a consequence of the arrangement between her and her sister. In the course of its decision, the Appeals Council stated:

> "It appears to us that the situation prior to November, 1951, was a typical family cooperative arrangement. The mere payment of $140.00 a month in the absence of an employer-employee relationship cannot give coverage under the Social Security Act, since such employer-employee relationship is the very essence for the basis of such coverage. It would appear to us that the actual consideration in this arrangement was the living provided for the claimant by her sister, since the claimant stated that she would have performed the services without any payment whatsoever, because she felt that since she was being provided with a good

home it would only be natural for her to do the housework."

In this review proceeding, plaintiff would have us set aside the determination so made by the Appeals Council, on the ground that the same was not supported by substantial evidence. Thus we are called upon to apply a principle in judicial review of administrative determinations that is "troubled by a classification where the lines of division are so wavering and blurred" (Cardoza, Nat. Jud. Process) that its application usually depends upon one's concept of justice and whether that concept reacts upon logic or sentiment.

██ Plaintiff's main contention for reversal of this administrative determination is premised upon the proposition that the Referee found an employer-employee relationship to exist between plaintiff and her sister and that the facts so found by the Referee were adopted by the Appeals Council as part of its findings of fact; hence the plaintiff says, such finding is supported by substantial evidence, beyond question, and there being no testimony in the administrative record to the contrary that finding must be held controlling here. The contention so made overlooks the fact that under Section 405(b), supra, the final "decisions as to the rights of any individual applying for a payment" under the Social Security Act rest with the Administrator who is "authorized, on his own motion, to hold such hearings and to conduct such investigations and other proceedings as he may deem necessary or proper for the administration" of said Act. In its administrative determination, the Appeals Council made a specific finding of fact, "that no employer-employee relationship existed between" plaintiff and her sister "under the usual common law tests" as required by Section 210(k) (2) of the Act, 42 U.S.C.A. § 410 (k) (2). In light of that specific finding and administrative determination by the Appeals Council, we do not believe it can be logically contended that the only conclusion that now can be reached is that the Appeals Council intended to incor-

porate in its determination all facts found by the Referee, even though they were diametrically opposed to the ultimate facts found by it and upon which its decision was premised. The reference in the findings of fact of the Appeals Council, that "the Referee's statement of facts is herewith incorporated by reference" can only be considered as incorporating in the Appeals Council's findings of facts those matters specifically stated therein and found in the Referee's statement of facts, but only insofar as such statement of fact was not in contravention of the ultimate facts and conclusions stated and reached by it. In review of administrative determinations, the courts recognize findings of facts and conclusions of law made by an Administrator are not done with a nicety such as required of a trial court, cf. Montana-Dakota Utilities Co. v. Federal Power Commission, 8 Cir., 169 F.2d 392, and that in construing findings of fact and conclusions of an Administrator the sense thereof should be determined from a consideration of the subject-matter and whole record made before the administrative body. Hence, under the circumstances of the instant record, we do not believe that a reversal of the determination of the Appeals Council can be predicated upon a technical consideration of facts incorporated by it in its decision, such as here claimed.

██ The decision of this Court depends upon whether the inference and conclusion reached by the Appeals Council is one which legally and logically might be concluded from the record made. Such determination of the Appeals Council will not be set aside by the courts if there is any legal basis therefor and the conclusion reached by the Appeals Council is a permissible one from facts in the record, even though upon a consideration of all the evidence this Court might have reached a different conclusion. It is axiomatic in a proceeding such as this, that we are not authorized to substitute our own for that of the administrative judgment. Swayne & Hoyt, Ltd. v. United States, 300 U.S. 297, 304, 57 S.Ct. 478, 81

L.Ed. 659. It must also be kept in mind that "although we have here no dispute as to the evidentiary facts, that does not permit (this) court to substitute its judgment for that of the" Appeals Council. Gray v. Powell, 314 U.S. 402, 412, 62 S.Ct. 326, 86 L.Ed. 301.

■ A rule of adjective law is that uncontroverted evidence is not necessarily conclusive of the existence of fact if analysis of surrounding circumstances leaves the mind in a state of conjecture; under such circumstances its weight and credibility are left to the trier of the facts. Cf. Spiro State Bank v. Bankers' Nat. Life Ins. Co., 8 Cir., 69 F.2d 185; Reiss v. Reardon, 8 Cir., 18 F.2d 200; Allen v. Collins, 8 Cir., 52 F.2d 708. Uncontradicted testimony need not be accepted by a trier of facts as true, where there is something in the evidence or in the tale, itself, which furnishes a basis for discrediting it because of its inherent improbabilities. Therefore, in the instant review proceeding, it would appear that if the inference and conclusions reached by the Appeals Council are permissible ones on the record made, we have no duty other than to affirm it, even though we might have reached a different conclusion if it had been submitted to us in an original proceeding.

■ The burden of proof was upon the plaintiff to establish her claim before the Appeals Council by a preponderance of credible evidence. That burden carried with it the duty of persuading the administrative agency to conclude that she was gainfully employed as required by the Act and that she was paid wages as a consequence of such employment. Secs. 410(k) (2) and 413(a) (1), (2) (B), U.S.C.A. The mere payment of wages, standing alone, is not enough to establish the relationship of employer and employee. Madison, v. Phillips Petroleum Co., 5 Cir., 88 F.2d 515. No one fact or circumstance is necessarily conclusive of such a relationship. It must be determined from all the surrounding circumstances shown to exist. In its common law and usually accepted sense, such relationship is tested by (a) the contractual relationship of the parties; (b) direction and control; (c) compensation to be paid therefor; and, (d) services rendered. When those matters are considered along with surrounding circumstances, the bona fides of a contract is a mixed question of law and fact.

■ Taking into consideration the inconsistencies (minor though they be) in the testimony of plaintiff and her sister; the relationship between the parties, from which the law usually presumes that because of the close family ties services such as here considered and performed are usually rendered gratuitously; cf. Hartley v. Hartley's Estate, 173 Mo.App. 18, 155 S.W. 1099; Kingston v. Roberts, 175 Mo.App. 69, 157 S.W. 1042, 1043; that no record was kept by plaintiff or her sister as to the time and mode of payment of wages; that after the alleged payment of such wages plaintiff continued to receive her room and board from her sister, as she did prior and subsequent to the period she claims she was employed; that the sister's net income after the payment of wages to plaintiff was substantially less than the sum which plaintiff asserted she received as wages; that no income tax was reported by plaintiff on such earned income; that no persons other than plaintiff and her sister knew of the arrangement between them; that there is no fact established in the record other than the testimony of plaintiff and her sister of the arrangement between them, both of whom may be considered as interested parties in obtaining Social Security benefits for plaintiff and that the arrangement between them was made for that purpose; that plaintiff's testimony was to the effect that she would have performed household services, such as she did perform under the arrangement, without any payment therefor because she felt she was being provided with a good home;—those facts considered, we do not believe that the testimony of plaintiff and her sister, standing alone, was of such a conclusive character that this Court can say, as a matter of law, that

a valid bona fides contract was voluntarily entered into between plaintiff and her sister, and should have been so found by the Appeals Council, and that its factual administrative determination to the contrary should be reversed. Cf. McGrew v. Hobby, D.C., 129 F.Supp. 627. On appeal from the ruling of the Appeals Council, the findings of fact must be sustained if supported by substantial evidence, and the finality of inferences and conclusions reached by it must be sustained if a substantial basis is found for them. Cf. Hobby v. Hodges, 10 Cir., 215 F.2d 754; Norment v. Hobby, D.C., 124 F.Supp. 489. There was a substantial basis in law for the inferences and conclusions reached by the Appeals Council in this record.

Therefore, the administrative determination of the Appeals Council, that plaintiff is not entitled to benefits under the Social Security Act, supra, must be, and is hereby, affirmed.

It is so ordered.