**William CROOKS, Plaintiff,**

v.

**Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 17235.**

United States District Court
E. D. New York.

Nov. 12, 1957.

William Crooks, plaintiff, in pro. per.

Cornelius W. Wickersham, Jr., U. S. Atty., L. Donald Jaffin, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

ZAVATT, District Judge.

The Government has moved, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C., for summary judgment on a review of a final decision of the Secretary of Health, Education and Welfare. The said final decision has been brought on for review by a civil action commenced by William Crooks, the claimant in a proceeding before the Secretary, pursuant to § 405(g) of Title 42, United States Code, 42 U.S.C.A. § 405(g). As required by 42 U.S.C.A. § 405(g), the Secretary has filed with this Court a certified copy of the transcript of the record in the proceeding before him, including the evidence upon which the findings and decision complained of by the claimant are based.

Pursuant to § 403.709 of Title 20, Code of Federal Regulations, a referee of the Appeals Council of the Social Security Administration of the Department of Health, Education and Welfare, held a hearing on claimant's request. Upon the evidence presented to the referee, he made a determination that claimant was entitled to a period of disability under the Social Security Act. 42 U.S.C.A. § 416(i). The referee found that the claimant had the necessary coverage through the quarter ending December 30, 1948. He also found that claimant was totally and permanently disabled since April 1946 due to "bromchiectasis", as indicated in the medical opinion of Dr. R. Bernard Thompson.

"From the evidence adduced, it is the finding of the referee that the claimant has been totally and permanently disabled since April 1946 due to bromchiectasis as indicated in the uncontradicted medical opinion of Dr. R. Bernard Thompson, dated July 30, 1956, (Exhibit 21), supplemented by the findings of Dr. Lawrence J. Alvarez, in his medical opinion of July 31, 1956 (Exhibit 22). The medical diagnosis of the claimant's disability as evidenced clearly confirms the medical opinions of the claimant's physicians and the observation of the referee as to the extent and period of the claimant's disability. The claimant's unsuccessful efforts to engage in substantial employment in obtaining periodic work are not proof that he was able to engage in substantial employment.

"Due deliberation having been had, it is accordingly the decision of the referee that the claimant is entitled to a period of disability under the provisions of the Social Security Act since the evidence reflects he has been unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long continued and indefinite duration within the period he had the necessary qualifying quarters of coverage and thereafter."

On its own motion the Appeals Council reviewed the decision of the referee and reversed the same on the ground that the medical record before the referee did not support his findings of disability because of "bromchiectasis". The decision of the Appeals Council is herein set forth in its entirety.

"Department of
Health, Education, and Welfare
Social Security Administration
Office of Appeals Council
"Decision of Appeals Council

| "In the case of "William Crooks | Case No. NY-2030 | Claim For Period of Disability |
|---|---|---|

"(Claimant and Wage Earner)
203–07–8148

"(Social Security Account No.)

"This case is before the Appeals Council on its own motion to review the decision rendered on July 31, 1956, by Referee Buttle. The claimant has been advised of this action by the Appeals Council, and of his rights thereunder. The referee's decision is to the effect that the claimant is entitled to a period of disability under section 216(i) of the Social Security Act, as amended, since the evidence reflects the claimant has been unable to engage in any substantial gainful activity. The referee based his decision upon his finding that the claimant has been totally and permanently disabled since April 1946 due to bronchiectasis.

"The referee in his decision has made reference to the pertinent provisions of the Social Security Act for entitlement to a period of disability, and formal restatement is deemed unnecessary. The referee's statement as to the evidentiary facts is herewith incorporated by reference, but the Appeals Council does not adopt any of the inferences, findings, or conclusions of the referee based upon the evidentiary facts. The pertinent facts are as follows:

"The claimant born July 22, 1890 filed application on March 9, 1955 for a period of disability, alleging inability to engage in substantial work because of the amputation of his lower left leg, 'astigmatism of brain,' brain tumor, and laryngitis. The claimant has an eighth grade education supplemented by training in mechanical drafting. His employment prior to termination of all work activity in 1949 included work as a railroad telephone block and signal operator, mechanical drafts-

man, machinist, parts inspector, assistant union welfare director, watchman, janitor and utility repairman.

"The medical evidence in this case shows that the claimant was twice examined by the same doctor in April 1946. The doctor's report gave a history of shortness of breath, purulent cough and chest pain increased by breathing. He diagnosed the claimant's condition as pleurisy, and chronic bronchitis with bronchiectasis. The doctor further indicated that examinations in April 1946, also revealed arteriosclerosis. He did not include specific clinical or laboratory findings in either report of these two examinations. In March 1955, the claimant was examined by another doctor. This doctor diagnosed the claimant's condition as chronic bronchitis and chronic myocarditis and left leg amputation. This doctor stated that the claimant had been under his care for chronic bronchitis and chronic myocarditis since July 29, 1952. In a medical report dated July 31, 1956, the same doctor gave diagnoses of arteriosclerotic heart disease and chronic bronchitis. He also stated that the claimant uses an artificial left leg. He did not diagnose bronchiectasis or indicate treatment, at any time, for this condition. The claimant does not allege inability to work because of a respiratory impairment, which is significant in that the referee found 'disability' because of bronchiectasis. No evidence has been submitted in support of the claimant's assertion that he suffered an impairment because of a brain disorder.

"In considering this case it is apparent that the claimant adjusted to the loss of his lower left leg to the extent that it no longer proved a substantial occupational handicap. The leg was amputated eight inches below the knee in 1911 and the claimant engaged in substantial gainful work for many years thereafter. Pleurisy, suffered in 1946, was evidently of short term duration, with no residual impairment resulting therefrom. The chest pain which increased on breathing, noted in 1946, is a common symptom of pleurisy.

"The claimant apparently suffered, to some extent, from chronic bronchitis since 1946. The medical evidence does not disclose the extent of impairment, if any, which resulted from this condition. It is to be noted too, that no clinical or laboratory findings were presented from any source to show the existence of chronic myocarditis. The referee specifically found that the claimant had been totally and permanently disabled since April 1946, due to bronchiectasis. We are unable to agree with the referee in this respect since the medical evidence of record fails to show the existence of bronchiectasis following April 1946. There is no evidence of treatment for any condition from April 1946 to November 1949, and we believe it reasonable to conclude that the medical examination would contain a diagnosis of bronchiectasis, or have indicated treatment for this condition had it been evidenced after July 29, 1952.

"The Appeals Council is of the opinion, and accordingly finds that the medical record in this case will not support a finding of 'disability because of bronchiectasis.' The nature and extent of the impairment, particularly the degree of respiratory impairment, is not shown. In order to be entitled to a period of disability under section 216(i) of the Social Security Act, it is necessary that the determination be supported by a medically determinable physical or mental impairment which in turn necessitates that the record contain

specific clinical or laboratory findings supporting the medical conclusion. In this case there is an absence of such clinical or laboratory findings to support the finding made by the referee. Accordingly, the record will not support a determination that the claimant because of a medically determinable physical or mental impairment is unable to engage in any substantial gainful activity, and the Appeals Council so finds.

"It is the decision of the Appeals Council that the claimant is not entitled to a period of disability under section 216(i) of the Social Security Act, for which he made application on March 9, 1955. The decision of the referee is reversed.

"Office of Appeals Council
"Joseph E. McElvain
"Joseph E. McElvain, Chairman
"Date: November 30, 1956"

■■ This Court has the power to enter judgment in this action "affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing". 42 U.S.C.A. § 405(g). The decision of the Appeals Council is the final decision of the Secretary for the purpose of judicial review under, 42 U.S.C.A. § 405 (g). Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75, 77 footnote 3. The findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive in an action such as this. 42 U.S.C.A. § 405(g); Walker v. Altmeyer, 2d Cir., 1943, 137 F.2d 531; Thurston v. Hobby, D.C.W.D.Mo.1955, 133 F.Supp. 205; Irvin v. Hobby, D.C.N.D.Iowa 1955, 131 F.Supp. 851.

In Rambin v. Ewing, D.C.W.D.La. 1952, 106 F.Supp. 268, 272, the court, after finding that under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), the findings of the Appeals Council are conclusive if supported by "substantial evidence", states that "sub- stantial evidence means 'enough [evidence] to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' National Labor Relations Board v. Columbian E. & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660."

■ In a proceeding such as this, the court is not authorized to substitute its judgment for that of the administrative judgment, nor may it set aside the determination of the Appeals Council if there is any legal basis therefor.

"The decision of this Court depends upon whether the inference and conclusion reached by the Appeals Council is one which legally and logically might be concluded from the record made. Such determination of the Appeals Council will not be set aside by the courts if there is any legal basis therefor and the conclusion reached by the Appeals Council is a permissible one from facts in the record, even though upon a consideration of all the evidence this Court might have reached a different conclusion. It is axiomatic in a proceeding such as this, that we are not authorized to substitute our own for that of the administrative judgment." Thurston v. Hobby, supra, 133 F.Supp. at page 209.

■ There was a substantial basis in law for the inferences and conclusions reached by the Appeals Council in this record.

Therefore, the administrative determination of the Appeals Council that plaintiff is not entitled to a period of disability under § 416(i) of Title 42, United States Code Annotated, must be and is hereby affirmed, and summary judgment for the defendant must be granted. Counsel for the defendant will settle an order not inconsistent with this opinion.