**Frances STEVENSON, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

United States District Court
S. D. New York.
Oct. 24, 1960.

Sol J. Shapiro, New York City, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for defendant; Arthur V. Savage, Asst. U. S. Atty., New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

The defendant moves for summary judgment and plaintiff cross-moves for judgment on the pleadings or summary judgment, in an action brought by the plaintiff, pursuant to 42 U.S.C.A. § 405 (g), to review the final decision of the Secretary of Health, Education and Welfare denying plaintiff certain old age benefits claimed under 42 U.S.C.A. § 402 (a).

On July 14, 1956, plaintiff made application for old age insurance benefits. The Bureau of Old Age and Survivors Insurance disallowed the application, finding that she had not acquired the six quarters of insured coverage required under the Act, 42 U.S.C.A. § 414(a). The Bureau refused to give the claimant credit for time in which she was allegedly employed by her brother as a domestic, finding that no genuine employment relationship had ever existed. Plaintiff requested and received a hearing before the Referee, who upheld the denial of benefits, finding that "a bona fide employment relationship did not exist between claimant and brother at any time." (Tr. 9). Plaintiff's request for a review of the Referee's decision was denied by the Departmental Appeals Council on May 5, 1958.

42 U.S.C.A. § 405(g) provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive," and the courts have uniformly followed this criterion in reviewing administrative determinations in Social Security cases. See, e. g. Walker v. Altmeyer, 137 F.2d 531 (C.A. 2, 1943); Thurston v. Hobby, 133 F.Supp. 205 (W.D.Mo.1955); Crooks v. Folsom, 156 F.Supp. 631 (E.D.N.Y.1957). The reviewing court is not free to substitute any inferences it may draw from the facts for those made by the administrative body entrusted with the enforcement of the statute, provided that this administrative determination was based upon substantial evidence in the record. See, e. g. Walker v. Altmeyer, supra. Moreover, plaintiff does not contend that the Referee improperly interpreted the applicable statute; it is clear that the determination of whether a genuine employment relationship existed is a factual one. See Irvin v. Hobby, 131 F.Supp. 851, 863 (N.D.Iowa, 1955); cf. United States v. LaLone, 152 F.2d 43 (C.A. 9, 1945).

On an examination of the record, it is apparent that there is substantial evidence from which the Referee could have inferred that the employment claimed was merely colorable. He could properly have drawn this inference from the fact that the employment roughly coincided with the statutory period of cov-

erage required by the plaintiff to obtain benefits (Tr. 47–48); the informal, affectionate relationship which existed over a period of years between plaintiff and her brother (Tr. 37–39); plaintiff's prior status as a dependent of her brother (Tr. 109–110); and the brother's apparent lack of need for the type of services performed by plaintiff both prior and subsequent to the alleged employment (Tr. 90–96, 108–109). See McGrew v. Hobby, 129 F.Supp. 627 (D.Kan.1955).

There being substantial evidence in the record to support the administrative determination, the defendant's motion for summary judgment is granted and plaintiff's cross-motion for judgment on the pleadings or summary judgment is denied. So ordered.