## SOCIAL SECURITY BOARD v. WARREN.
### No. 12693.

Circuit Court of Appeals, Eighth Circuit.

June 7, 1944.

Paul A. Sweeney, Atty., Department of Justice, of Washington, D. C. (Francis M. Shea, Asst. Atty. Gen., Victor E. Anderson, U. S. Atty., of St. Paul, Minn., David L. Kreeger, Sp. Asst. to the Atty. Gen., Linus J. Hammond, Asst. U. S. Atty., of St. Paul, Minn., Jack B. Tate, Gen. Counsel, Social Security Board, and Hubert H. Margolies, Cecelia H. Goetz, and Phyllis Jane Campbell, Attys., Department of Justice, all of Washington, D. C., on the brief), for appellant.

R. L. Mayall, of Duluth, Minn. (Holmes, Mayall, Reavill & Neimeyer, of Duluth, Minn., on the brief), for appellee.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The controlling question for determination on this appeal is whether the District Court erred in substituting its own conclusion for the finding of the Social Security Board, affirmed by its Appeals Council, that compensation for services rendered by Warren as a member of the executive committee of the Duluth Morris Plan Company of Minnesota constituted wages within the meaning of the Social Security Act, as amended, 53 Stat. 1360, 1363, 42 U.S.C.A. § 402 et seq.

The facts giving rise to the controversy are not in dispute. Subsequent to his retirement from active employment with the Duluth-Superior Transit Company, Warren had applied for and was receiving old age or primary insurance benefits under the Act at the rate of $32.50 a month. At the same time he was a member of the board of directors and of the executive committee of the Morris Plan Company of Duluth, Minnesota. During an eight-month period from January 1, 1941, to August 31, 1941, he received not less than $15 in each month for his services on the executive committee. Pursuant to the provisions of § 203(d) (1) of the Act, 42 U.S.C.A. § 403(d) (1)[1], the Social Security Board determined that eight monthly benefit payments should be deducted from

---

[1] Section 203(d). "Deductions * * * shall be made from any payment or payments * * * to which an individual is entitled, until the total of such deductions equals such individual's benefit or benefits for any month in which such individual: (1) rendered services for wages of not less than $15."

his insurance benefits for the months during which he received such fees or compensation for services as a member of the executive committee. The decision of the Board was affirmed by the Appeals Council, and Warren then brought this suit for review of the ruling.

Upon review the district court reversed the decision of the Board, adjudged that Warren is entitled to primary insurance benefits for the months for which the deductions were taken, and remanded the cause with directions to the Board to compute the benefits to which Warren is entitled under the judgment and to certify the amount to the Managing Trustee for payment pursuant to § 205(l) of the Act, Amendment of 1939.

Section 205(g) of the Act (42 U.S.C.A. § 405(g) provides that upon review by the court "The findings of the Board as to any fact, if supported by substantial evidence, shall be conclusive."

In the proceedings before the Board Warren's claim, at his request, was heard before a referee who took evidence and upon the evidence adduced found that "the services of the claimant [Warren] from January to August, 1941, inclusive, as a member of the executive committee of the Duluth Morris Plan Company were services in employment, that the remuneration paid him was wages, and that the deductions of eight months' benefits under section 203(d) (1) were properly made."

At Warren's request the decision of the referee was reviewed by the Appeals Council where his contentions were considered at length and the findings and decision of the referee were affirmed. The Council concluded that the remuneration paid to Warren for services rendered as a member of the executive committee was wages.

It is the contention of the appellant that the finding of employment is supported by substantial evidence and that, therefore, the decision of the Board is conclusive.

Regulation No. 3 of Regulations of the Social Security Board, 20 C.F.R., 1940 Supp., § 403.804, provides in part as follows:

"Every individual is an employee if the relationship between him and the person for whom he performs services is the legal relationship of employer and employee.

"Generally such relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, * * * it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so.

\* \* \* \* \*

"\* \* \* An officer of a corporation is an employee of the corporation, but a director as such is not. A director may be an employee of the corporation, however, if he performs services for the corporation other than those required by attendance at and participation in meetings of the board of directors."

Section 1 of Article III of the by-laws of the Duluth Morris Plan Company provides that the board of directors shall elect an executive committee from their own members. Section 3 reads: "Powers and Duties. During the intervals between the meetings of the Board of Directors the Executive Committee shall possess, and exercise, so far as it lawfully may, all the powers of the Board of Directors in the management of the business and affairs of the Company in all cases in which specific instructions shall not have been given by the Board of Directors."

At the hearing before the referee Warren testified that the Duluth Morris Plan Company is a finance company engaged in loaning money to the public payable in installments; that the executive committee meets weekly; and that they perform the same duties as the board except that "they handle things a little more in detail." At their weekly meetings they approved loans, determined whether or not loans should be made, passed bills for miscellaneous expenses and authorized payment of bills. He thought the board could have changed the membership of the committee at any time.

The president of the company testified that the executive committee determines matters of policy requiring action prior to the next monthly meeting of the board of directors. The board passes on loans before they are made. The committee approves loans already made, establishes

Section 209(a) provides that "The term 'wages' means all remuneration for employment * · * *."
"Employment" is defined in § 209(b)

as "any service, of whatever nature, performed * * * by an employee for the person employing him * * *."

credit for borrowers, and passes bills for expenses. The board does not pass on loans after they are made because the officers are entirely competent to handle this end of it, and, if they are not, it would be better to get some $18-a-week clerk to handle it. The board has never given instructions to the committee as to what should be done.

The executive committee held its weekly meetings at 8:30 in the morning, and the members were paid five dollars each for their services at such meetings.

▇ Under these circumstances we are of the opinion that the finding of the Board is conclusive that the compensation paid Warren for his services as a member of the executive committee constitutes "wages". To hold otherwise requires a revaluation of the evidence.

In Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed. 301, the Supreme Court said: "In a matter left specifically by Congress to the determination of an administrative body * * * the function of review placed upon the courts * * * is fully performed when they determine that there has been a fair hearing, with notice and an opportunity to present the circumstances and arguments to the decisive body, and an application of the statute in a just and reasoned manner." 314 U.S. at page 411, 62 S.Ct. at page 332, 86 L.Ed. 301. * * * "Although we have here no dispute as to the evidentiary facts, that does not permit a court to substitute its judgment for that of the Director [administrative body]." 314 U.S. at page 412, 62 S.Ct. at page 333, 86 L.Ed. 301. * * * "Unless we can say that a set of circumstances deemed by the Commission to bring them within the concept 'producer' is so unrelated to the tasks entrusted by Congress to the Commission as in effect to deny a sensible exercise of judgment, it is the Court's duty to leave the Commission's judgment undisturbed." 314 U.S. at page 413, 62 S.Ct. at page 333, 86 L.Ed. 301.

In National Labor Relations Board v. Hearst Publications, 64 S.Ct. 851, 861, 88 L.Ed. ——, ——, a case involving the determination of whether newsboys are employees within the meaning of the National Labor Relations Act, the Court said, "* * * the Board's determination that specified persons are 'employees' under this Act is to be accepted if it has 'warrant in the record' and a reasonable basis in law." See, also, Dobson v. Commissioner,

320 U.S. 489, 501-503, 64 S.Ct. 239, and Parker v. Motor Boat Sales, 314 U.S. 244, 245, 246, 62 S.Ct. 221, 86 L.Ed. 184.

In Walker v. Altmeyer, 2 Cir., 137 F.2d 531, 533, the question was whether the employer-employee relation existed between two practicing attorneys within the meaning of the Social Security Act. The Board had found, as in the present case, that the plaintiff was an employee receiving wages, and the district court reversed. The Circuit Court of Appeals treated the matter as one of proper inference to be drawn from the evidentiary facts, which the court held was a matter for the administrative body and that its decision was conclusive on the court.

In the relevant part of Regulation No. 3, the validity of which is not challenged, the Board has said that "such relationship (employer-employee) exists when the person for whom services are performed has the right to control and direct the individual who performs the services. * * *" Here the duties and the authority of the executive committee were delegated and defined in the by-law, supra. The by-law gives the committee the powers of the board except "in all cases in which specific instructions shall not have been given by the Board of Directors." The Appeals Council held that this provision reserved to the board of directors "the right to control and direct the committee by limiting the sphere of its actions within whatever narrow limitations the board may choose to establish." There is a reasonable "basis in law" for this holding. Walker v. Altmeyer, supra, 137 F.2d at page 533.

In Deecy Products Co. v. Welch, 1 Cir., 124 F.2d 592, 598, 139 A.L.R. 916, the question presented was whether the statutory clerk of the appellant corporation was an employee, within the meaning of the Social Security Act, during the year 1936. The clerk was the attorney for the corporation, and received no identifiable compensation for his services as clerk. During the year his services as clerk required only thirty-five minutes of his time. The court held that the ordinary legal relationship of employer and employee existed because he was clerk for the entire year and the directors might have required more of his time; that the services performed were a necessary incident of the conduct of the business subject to the control of the directors, and the consideration for his services as clerk

was an incident of his compensation as attorney.

█ It is a principle of the common law that the directors of a corporation have the power, without statutory authority, "to delegate to officers, agents, or executive committees the power to transact not only ordinary and routine business, but business requiring the highest degree of judgment and discretion." 13 Am.Jur., Corporations, § 969. Some of the duties performed by the executive committee while Warren was a member might have been performed by an auditor or any ordinary agent because they were routine matters. Other duties required the exercise of a higher discretion; but there is no reason why any duty enumerated by Warren, unless it be the determination of policies in exigencies, might not have been delegated to an officer or to an ordinary employee. Had any such services been performed by an agent, auditor, or managing officer for compensation there can be no doubt that a finding by the Board that such compensation is wages and that the relation of employer and employee existed would have been conclusive upon the courts.

█ But counsel say that the relation of employer and employee did not exist between the corporation and Warren because individually he had no authority of any kind, nor as an individual any duties. To say, therefore, that he was an employee, it is argued, is a contradiction in terms. The argument is more specious than convincing. A corporation is an abstract entity, and its affairs are ordinarily conducted by its board of directors. This fact does not diminish or limit the common-law power to delegate authority to committees as well as to individuals. 13 Am. Jur., supra. Such committees may be composed of members of the board of directors or of other officers or employees. Nor is the power to require the members of such committees in matters requiring an exercise of discretion limited to acts subject to the approval of a majority. The relation of employer and employee does not depend upon whether the authority is conferred upon a committee or an individual. It depends upon whether the board of directors has a right to control the performance of the duty and whether its performance is compensated for in wages. Clearly the individual members of a committee may be found to be employees of a corporation when such committee is authorized for compensation to audit books and bills, or to perform any services useful or necessary in carrying on the business of the corporation.

The judgment of the district court is reversed.