**VINSON v. HOBBY, Federal Security Adm'r.**

**Clv. No. 645.**

United States District Court
S. D. West Virginia, Huntington Division.

Aug. 26, 1953.

Douglas W. Brown, Jr., and Robert H. Burford, Huntington, W. Va., for plaintiff.

Garnett Thompson, U. S. Atty., and Philip A. Baer, Asst. U. S. Atty., for defendant.

WATKINS, District Judge.

Plaintiff brought this action to obtain a judicial review of a final decision of the Federal Security Administrator that plaintiff was not entitled to old-age insurance benefits for which he had applied under Section 202(a) of the Social Security Act, as amended, 42 U.S.C.A. § 402(a), upon the ground that he had not attained the age of 65 years. The only question for determination is whether or not the findings of the administrator were supported by substantial evidence.

The findings of the Referee which constitute the findings of the Administrator state as follows:

"The evidence before the Bureau and before the referee as to the claimant's birthdate is conflicting and difficult to reconcile. In support of his original application alleging April 25, 1880, as his date of birth there was submitted a delayed birth certificate secured after he filed application. Also, there were affidavits of several witnesses tending to establish the date as alleged therein.

664

A voting record lent some support to the allegation.

"In support of the present application alleging April 25, 1882, as his date of birth several additional statements were submitted from relatives. These statements are conflicting in some respects. Several relatives expressed the opinion that the wage earner was as old as he said he was and others compared their ages with his. In some instances the statement would support 1886 as his year of birth and others would establish 1889. A marriage record established in 1915 would indicate that he was born in 1891.

"The record contains a photostat of the wage earner's Word War I Registration Card, signed by him in 1917, in which he gave his date of birth as April 25, 1892. This date conforms exactly with his birthdate furnished the Social Security Administration when he filed application for an account number on February 5, 1937. Also, it substantially conforms with the date shown in the marriage record established in 1915.

"While the evidence is not free from doubt, it is considered that the information furnished in connection with his draft registration in 1917, which agrees exactly with his first allegation made when he applied for an account number in 1937, is probably the most reliable evidence.

"Considering all of the evidence it is the opinion of the referee and he finds that the claimant was born on April 25, 1892, and that he did not attain age 65 within the effective date of his application filed on September 4, 1951." (Tr. 8).

Plaintiff's request for review of the Referee's decision was denied by the Appeals Council of the Social Security Administrator.

After reviewing the evidence, it is my opinion that the findings of the Referee are supported by substantial evidence. The Act provides: "The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive". 42 U.S.C.A. § 405(g). See United States v. LaLone, 9 Cir., 152 F.2d 43; Walker v. Altmeyer, 2 Cir., 137 F.2d 531; Thompson v. Social Security Board, 81 U.S.App.D.C. 27, 154 F.2d 204; Social Security Board v. Warren, 8 Cir., 142 F.2d 974; Holland v. Altmeyer, D.C.Minn., 60 F.Supp. 954; Rambin v. Ewing, D.C.W.D.La., 106 F. Supp. 268.

Defendant's motion for summary judgment must be, and is, granted and the decision of the Referee and the Appeals Council is affirmed.