**HEMMERLE v. HOBBY, Federal Security Administrator.**

Civ. No. 674–52.

United States District Court
D. New Jersey.

Sept. 2, 1953.

William F. Tompkins, U. S. Atty., Newark, N. J., Walter S. Anderson, Asst. U. S. Atty., Newark, N. J., for the motion.

Samuel Freedman, Boston, Mass., for plaintiff, opposed.

MADDEN, District Judge.

This matter was before the Court upon a motion for summary judgment on behalf of defendant against the plaintiff, pursuant to Rule 56 of the Federal Rules, 28 U.S.C.A., upon the ground that there is no genuine issue as to any material fact and the defendant is entitled as a matter of law to judgment in accordance with the Social Security Act[1], affirming the decision of the Social Security Administration of the Federal Security Agency.

Upon the filing of briefs and argument before the Court the parties stipulated that "that the record submitted to the Court * * * is complete and that the hearing * * * may be regarded as having been also a final hearing for the determination of the issues raised by all the pleadings filed in the cause".

The plaintiff, by his complaint, seeks in this Court a review of the findings of the Federal Security Agency, Social Security Administration, Office of Appeals Council and also of the Referee's decision, in disallowing Old Age Insurance Benefits under the Social Security Act, supra, to the plaintiff, on the ground that he was not a fully insured individual. The basis of such denial by the Federal Security Agency and also on appeal by plaintiff to a Referee of the Federal Security Agency was the finding that the relation of employer and employee did not exist between the plaintiff and the company for which he performed services (Sommerfeld Machine Company) but that the plaintiff during the period in question was an independent contractor.

These cases are not to be viewed as the ordinary case coming on for trial where the trier of the facts sees and hears the witnesses and appraises the credibility of their testimony and the reasonable inferences to be drawn therefrom; but ours is a more restricted view or properly quoted, a review.

The Act, Social Security Act, 42 U.S.C.A. § 405 (g), among other things, provides for this method of review by the Court but also provides:

"The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive".

And as Judge Chase, speaking for the 2nd Circuit in the matter of Walker v. Altmeyer, 137 F.2d 531, at page 533, said:

"The facts underlying that decision which were found on substantial evidence were, of course, binding upon the district court. That is not the question this appeal raises. The error into which the court fell was not that of making new and contrary findings but that of substituting new and contrary inference of its own from the found facts which led it to reverse the administrative conclusion which had been reached as to the employee status of the plaintiff. That sort of action went beyond the power of the district court to review in such a suit as this. It was the judgment of the administrative body as to an employer-employee relationship rather than that of the court which the statute made effective provided that judgment was based upon conclusions reasonably reached upon due consideration of all relevant issues presented after parties in interest had been given a fair hearing or a fair opportunity to be heard upon the facts and the applicable law. * * *

1. 42 U.S.C.A. § 405(g).

"Had the court below kept within the permitted scope of its review it would have, on this record, been bound to adopt the conclusions reached by the administrative body and to grant the motion of the defendants for summary judgment." (Emphasis supplied.)

This view of the law was borne out by the 9th Circuit in United States v. Lalone, 152 F.2d 43 and by the 8th Circuit in Social Security Board v. Warren, 142 F.2d 974.

This court, therefore, must confine itself to inquiry into three things. First, did the plaintiff have an opportunity for a fair hearing? Second, were the conclusions of the Referee reasonably reached and based upon substantial evidence? Third, did the Referee properly apply the law?

Taking up the last question first, to determine the applicable law we ask, when—legally under the act—does the relationship of employer-employee exist?

The Act, 42 U.S.C.A. § 410(k) (2), defines under these circumstances an employee as follows:

"The term 'employee' means * * (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee".

In looking to the question of whether one is an employee or not, the facts surrounding each case must be inspected in their own light; and not only in the light of what the individuals actually did during the period of their business association but in the light of what each party had the legal right to do under their relationship, contractual or otherwise.

Here the relationship was one growing out of a written agreement executed by plaintiff and the firm which plaintiff alleges was his employer. Because it established the fundamental rights of the respective parties it is set forth as follows:

"Agreement Between The Summerfeld Machine Company Braddock, Penna. And Mr. J. W. Hemmerle 45 North Balph Avenue, Bellevue, Pittsburgh, Penna.

"It is agreed that Sommerfeld Machine Company will give Mr. Hemmerle full charge of the sales of all lathes and repair parts, as manufactured for domestic and export shipment for a period of three (3) years from date in harmony with the principals of the Sommerfeld Machine Company and under supervision of its President.

"In promoting these sales Mr. Hemmerle is to receive 10% commission based on net proceeds. That is to say after deducting commissions paid to dealer, agents, salesmen, and freight charges, or 10% on the net selling price.

"The commissions to be due and payable as payments are made to the Sommerfeld Machine Company by the purchaser.

"It is agreed that the Sommerfeld Machine Company will furnish without any expense to Mr. Hemmerle, but within prudent cooperation, satisfactory to both parties; an office at 201 Corey Avenue, Braddock, Penna., with secretarial service, stationery, postage, advertising matter, telephone and telegraph service, at the above address, incidental to promoting sales of lathes. Mr. Hemmerle in promoting these sales is to assume other expenses as may be necessary to secure business. Mr. Hemmerle will not be held responsible for design and manufacture of the lathes or repair parts, all prices and terms are to be set by mutual agreement and subject to final approval and acceptance by the Sommerfeld Machine Company.

"It is understood that Mr. Hemmerle will devote his entire time to the sale of lathes for this company, for the duration of this agreement.

"If through mutual agreement for reasons of misrepresentation, incompatability or dissatisfaction, both parties are to agree to an amicable dissolution without involving expense to either party.

"This contract is binding and non-transferable.

"Accepted this Feb. 9 1940

"J. W. Hemmerle
/s/ J. W. Hemmerle
 Sommerfeld Machine Company
 /s/ K. E. Sommerfeld-Pres."

An examination of that contract must be made in view of the law to aid in

the determination of the question. A good statement of the law defining employee-employer relationship appears in Whalen v. Harrison, D.C., 51 F.Supp. 515, at page 516 where Judge Sullivan said:

"Generally the relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work *but also as to the details and means by which that result is accomplished.* That is, an employee is subject to the will and control of the employer *not only as to what shall be done but how it shall be done.* In this connection it is not necessary that the employer actually direct or control the manner in which the services are performed; *it is sufficient if he has the right to do so.* The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor, and not an employee." (Emphasis supplied.)

█ The above quoted language was taken by Judge Sullivan from the footnote of United States v. Silk, 331 U.S. 704, at page 714, 67 S.Ct. 1463, 91 L.Ed. 1757. In this case the Supreme Court stressed the point that interpretation of the word employee must be in the light of the particular act of Congress involved and the social evils attempted to be remedied by that particular piece of legislation.

See also Ridge Country Club v. United States, 7 Cir., 135 F.2d 718, where a golf professional at a country club was held to be an independent contractor.

And as Judge Drewen, in Russell v. Torch Club, 26 N.J.Super. 75, at page 78, 97 A.2d 196, 198, said:

"The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done."

█ So much for the law to be applied by the Referee. Next, did plaintiff have a fair opportunity for a hearing? Treating this briefly, the record discloses that after notice plaintiff had a hearing by the Referee in his own home city (Atlantic City), at which time plaintiff was interrogated not only by the Referee but also by his own counsel who was present and participated. Plaintiff also offered a great number of exhibits which were admitted into the record. Thereafter the Referee took the depositions of the corporation's president at Pittsburgh, Pennsylvania, because that was closer to the corporation's location. Notice of this hearing, together with a notice of plaintiff's right to attend, were given to plaintiff and his counsel, though they did not attend. Thereafter plaintiff and his counsel were given opportunity to examine the depositions of the corporation's president and as a consequence plaintiff submitted an affidavit in rebuttal.

Now for the question, was there substantial evidence to warrant the conclusions of the Referee?

█ The record discloses that the depositions of the plaintiff taken July 27, 1951 comprise thirty-nine pages of the transcript. In addition plaintiff offered Exhibits A to Z and AA to DD. The record discloses that the depositions of the corporation's president comprise twenty-one pages and seven exhibits. The views as to the facts and conclusions as expressed by this testimony were diametrically opposed to each other. Likewise, with the affidavit in rebuttal of four pages. The opinion of the Referee, found at page eight of the transcript, consists of seven pages single space typing. It might be necessary, for some, to here copy the entire opinion but in the writer's opinion the few following paragraphs will suffice to show that there was substantial evidence to warrant the Referee's findings.

"Because the once amicable relationship between the claimant and the executive of the Company has degenerated into a conflict, the evidence in this case is conflicting. Such a situation forcibly introduces into adjudication the element of credibility. In this respect, viewing the evidence in whole, the referee puts stronger reliance in the evidence produced by the Company."

And further:

"The agreement between the Company and the claimant, called by claimant an "employment" contract impresses the referee as being no more than a contract giving to claimant the full privilege of handling all the sales of the Company's lathes, including sales promotion, for a period of three years subject to mutual agreement as to prices and terms; final approval and acceptance of orders naturally resting with the Company. The Company agreed to provide claimant with office space, certain services and facilities and to assume certain relatively minor incidental expenses. Claimant agreed to devote his entire time. The contract could not be terminated at the will of either party, but only by mutual agreement. Hence, the Company held no right of discharge. In the judgment of this referee, such agreement in and of itself gave no *right* to the Company to control and direct the services of the claimant in degree sufficient to establish an employer-employee relationship, and I so find".

And further:

"The testimony of the Company's president is that the Company's interest was in the accomplishment of the result toward which the contract was aimed, namely the sale of lathes at prices that would protect the Company and to acceptable customers under acceptable conditions. Claimant was a free agent in meeting these cardinal principles applicable to any business. *Where, when* and *how* he accomplished these objectives was clearly not directed, closely supervised, restricted nor

controlled *in actual practice* as would be exercised in an employment relationship, and I further so find."

It is, therefore, the opinion of the Court that:

(a) The plaintiff had a full and fair hearing by the Referee.

(b) There was substantial evidence to warrant the Referee finding as he did.

(c) The Referee made a correct application of the law to the facts of the case.

Consequently, the position of the defendant is well taken and defendant will have a summary judgment. Prepare an order.