**J. L. SHELDEN, Plaintiff,**

v.

**Oveta Culp HOBBY, Secretary of Health, Education and Welfare, Defendant.**

**No. KC–445.**

United States District Court
D. Kansas.

Oct. 28, 1954.

Robert A. Anderson (of Anderson & Byrd), Ottawa, Kan., for plaintiff.

William C. Farmer, U. S. Atty., Wichita, Kan., and Milton P. Beach, Asst. U. S. Atty., Oskaloosa, Kan., for defendant.

MELLOTT, Chief Judge.

The issue, in essence, is whether an attorney at law, who has income not only from his general practice but also from the preparation of income tax returns, is engaged in "trade or business," within the purview of the Social Security Act, 42 U.S.C.A. § 301 et seq., as to the income derived from the preparation of such returns rather than from the "exercise of his profession as a * * * lawyer."

A stipulation of facts has been entered into, on the basis of which motions for summary judgment have been filed on behalf of each of the parties. The stipulation, exclusive of references to a transcript of the proceedings before a referee designated by the Federal Security Agency to conduct the hearing upon plaintiff's claim for old age insurance benefits, reads as follows:

"On July 10, 1952, the plaintiff filed with the Bureau of Old-Age and Survivors Insurance, Social Security Administration, an application for 'old-age insurance benefits,' alleging that he was, and that he had been since January 1, 1951,

self-employed as an 'income tax computer.' The Bureau disallowed the claim on the ground that plaintiff was not 'fully insured,' since he needed six 'quarters of coverage' to be fully insured, and the records of the Social Security Administration showed that he had no quarters of coverage. With respect to plaintiff's claim that $450.26 of his earnings in 1951 and $458.36 of his earnings in 1952 constituted 'Self-employment income' within the meaning of the Act, the Bureau determined, and informed the plaintiff on February 4, 1954, that such amounts were excluded because they were received by him from the practice of his profession as a lawyer.

"Plaintiff requested a hearing before a referee of the Social Security Administration, which hearing was held on September 1, 1953. On September 23, 1953, the referee issued his decision in which he found the evidentiary facts to be as follows:

"The plaintiff maintains offices in a building in downtown Ottawa, Kansas. He has two rooms each of which has outside doors to the hallway and which inter-connect. On the door of one room, which is plaintiff's private office, the word 'Private' appears. He keeps his law library and handles his law business in this office. The other room is a reception room; the secretary has her desk here. The door of the reception room bears plaintiff's name and the word 'Lawyer.' At the entrances of the office building his name appears with the designation that he is a lawyer. He is listed in the city telephone book and city directory as a lawyer. He is a member of the Franklin County Bar Association and the Commercial Law League of America. He has been practicing law in Kansas since about 1910.

"Since about 1941 he has subscribed continuously first to Prentice-Hall, and then to Commerce Clearing House tax services. He stated that he does not hold himself out to the public in any way or solicit business as an income tax computer. He is known to be a lawyer, although one witness at the hearing, District Judge Floyd H. Coffman, testified that it is understood in the community, including lawyers, bankers, and Internal Revenue Service employees, that plaintiff is an income tax computer. His law practice has been general practice, without specialization. However, when law clients have come to him with tax problems he has advised them. Over the years he has become familiar with estate, inheritance and income tax laws. On occasion he has, in connection with his law practice, consulted with the Federal Internal Revenue Service on matters of tax law. In his income tax computing activity he has occasionally had to consult the CCH tax service, State and Federal tax statutes, and internal revenue rulings. His employee (secretary), not a lawyer, uses the CCH service independently.

"In 1951 his office prepared 82 income tax returns of which he personally handled 44, although in connection with most of these 44 he only took down the date and then had his secretary compute the tax. Twenty-one of the 82 returns were done by the secretary, and 17 were done by the secretary and plaintiff together. In connection with these 17 plaintiff assisted his secretary only on those parts of the returns which she couldn't do herself, and few of these involved legal questions. In 1952 his office handled 109 returns of which he did 22 alone, although on most of these his only work was to obtain data. His secretary did 72 alone. Fifteen were done by plaintiff and his secretary together. She testified that in 1952 there were very few questions which she referred to the plaintiff for advice and most of these concerned depreciation questions involving farm animals or farm machinery. Sometimes when questions were referred to him plaintiff had to consult CCH tax service, internal revenue rulings and court decisions, and Federal and State statutes in order to find answers.

"The plaintiff testified that 11 per cent of those persons whose income tax returns his office handled in 1951 and 1952 were persons who had been his cli-

ents as a lawyer. He testified that the great majority of income tax returns handled by his office were very simple and did not involve any legal questions whatever. He also testified that although a few people who came to him in connection with his income tax computation work came to him believing he knew tax law, the great majority did not come to him as a lawyer.

"Plaintiff testified that he got many of his income tax customers by reason of the fact that the Bureau of Internal Revenue employees were not able to handle the load, and that people were running around town trying to find someone to do their returns. He testified that he sent some of these people down the hall in his office building to an ex-school teacher.

"Plaintiff testified that in some cases Mrs. Williams, his employee, decided how much the taxpayer would be charged for the completion of his return.

"Plaintiff testified that he was in his office personally from about 10 in the morning until noon, and from 3 in the afternoon to 5 p. m., but that his employee was in the office from 8 a. m., until 6 p. m., with the exception of the noon hour.

"In addition to the foregoing, the evidence also shows that in his income tax return for 1951 the plaintiff reported that he had income of $450.26 from self-employment as an 'Income Tax Computer', and that in his income tax return for 1952 he reported that he had income of $458.36 from self-employment as an 'Income Tax Computer.' The main issue in this case is as to whether the plaintiff derived these two items of income from a 'trade or business' within the meaning of the Act, as he contends.

"The referee concluded that the plaintiff's 'income derived after 1950 from his income tax computer service was derived from a "trade or business" within the meaning of the Social Security Act' and that, therefore, he was entitled to the old-age insurance benefits for which he applied.

"On October 16, 1953, the Appeals Council notified the plaintiff that it had decided to review the referee's decision on its own motion. On November 12, 1953, the Appeals Council issued its decision in which it held that the plaintiff's services 'as an income tax computer subsequent to 1950 were in the exercise of his profession as a lawyer', and, therefore, under the provisions of section 211 (c) of the Social Security Act, are not included within the term 'trade or business' when used with reference to self-employment income or net earnings from self-employment. The Appeals Council decided that the plaintiff had acquired no quarters of coverage as an income tax computer and, not being a 'fully insured' individual at the time he made application for social security benefits, he was not then entitled to such benefits. The Appeals Council reversed the referee's decision, and thereafter plaintiff filed his complaint in the United States District Court."

The provisions of the Social Security Act applicable here are succinctly set out in defendant's brief as follows:

"Section 202(a) of the Social Security Act, as amended, 42 U.S.C.A. § 402(a), provides for 'old-age insurance benefits' for an individual who '(1) is a fully insured individual' and has met other conditions not at issue in this case. Section 214(a) (2) of the Act, 42 U.S.C.A. § 414(a) (2), defines the term 'fully insured individual' to mean, so far as pertinent to this case, an individual who has 'at least six quarters of coverage.' Section 213(a) of the Act, 42 U.S.C.A. § 413(a), defines the term 'quarter of coverage' as meaning, so far as pertinent here, a period of 3 calendar months ending on March 31, June 30, September 30, or December 31, 'for which he has been credited * * * with $100 or more of self-employment income, * * *.'

"Section 211(b) of the Act, 42 U.S. C.A. § 411(b), defines the term 'self-employment' as meaning, so far as pertinent here, 'The net earnings from self-employment derived by an individual * * during any taxable year beginning after

1950,' provided that such net earnings are at least $400.

"Section 211(a) of the Act, 42 U.S.C.A. § 411(a), defines the term 'net earnings from self-employment' as meaning 'The gross income, as computed under chapter 1 of the Internal Revenue Code, derived by an individual from any trade or business carried on by such individual,' less allowable deductions, and with certain exceptions.

"Section 211(c) of the Act, 42 U.S.C.A. § 411(c) defines the term 'trade or business,' when used with reference to self-employment income or net earnings from self-employment, and expressly excepts from the term 'trade or business,' certain types of service. It reads in part as follows:

"'(c) The term "trade or business," when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 23 of the Internal Revenue Code, except that such term shall not include—

\* \* \* \* \* \*

"'(5) The performance of service by an individual in the exercise of his profession as a \* \* \* lawyer, \* \* \*.'"

Plaintiff urges that the court should set aside the ruling of the Appeals Council [which has become the ruling of the Secretary] and re-instate the referee's decision. If the issue were triable *de novo* in this court decision might be difficult. But the review here is a limited one. The statute [1] provides that the findings of the Administrator [now Secretary] as to any fact, if supported by substantial evidence, shall be conclusive. The courts which have had occasion to pass upon the effect of the statutory language seem uniformly to have held that it means precisely what it says. Some of the cases taking that view are set out in the margin.[2] The Court of Appeals for this (the Tenth) Circuit, in an opinion very recently entered—Hobby v. Hodges, 1954, 215 F.2d 754, 759 took the same view, saying:

"The findings of the Board as to any fact, if supported by substantial evidence, are conclusive upon the court and are not otherwise subject to review."

Examination of the findings in the case at bar convinces the court that those made by the Appeals Council and adopted by the Secretary are supported by substantial evidence; that they should be approved; and that defendant's motion for summary judgment should be granted. Order sustaining defendant's motion is this date being entered.

1. § 205(g), Social Security Act, 42 U.S.C.A. § 405(g).

2. United States v. LaLone, 9 Cir., 1945, 152 F.2d 43; Social Security Board v. Warren, 8 Cir., 1944, 142 F.2d 974; Walker v. Altmeyer, 2 Cir., 1943, 137 F.2d 531; Thompson v. Social Security Board, 1946, 81 U.S.App.D.C. 27, 154 F.2d 204; Hemmerle v. Hobby, D.C.N.J. 1953, 114 F.Supp. 16; Schmidt v. Ewing, D.C.Pa.1952, 108 F.Supp. 505; Rambin v. Ewing, D.C.La.1952, 106 F.Supp. 268, 272–273; Holland v. Altmeyer, D.C. Minn.1945, 60 F.Supp. 954.