**Anna M. HEALEY, Plaintiff,**

v.

**Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.**

United States District Court
S. D. New York.

Dec. 29, 1955.

Vincent A. Romano, New York City, for plaintiff.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, for defendant Arthur B. Kramer, Asst. U. S. Atty., New York City, of counsel.

HERLANDS, District Judge.

Plaintiff is the wife of one Patrick J. Healey, a deceased wage earner who died on January 18, 1953. On June 14, 1954, plaintiff filed her application for "mother's insurance benefits" under 42 U.S.C.A. § 402(g) based upon decedent's wage record. The Bureau of Old-Age and Survivors Insurance of the Department of Health, Education and Welfare disallowed the application.

Pursuant to plaintiff's request for a hearing to review the Bureau's determination, a hearing was held before Referee Bernard D. Levinson on April 4, 1955. At the hearing, plaintiff appeared and was represented by counsel; and testimony was taken with respect to plaintiff's eligibility for the benefits claimed.

The Referee's decision, rendered on April 26, 1955, denied plaintiff's application on the ground that she had not been "living with" the deceased wage earner at the time of his death. Subsequently, plaintiff requested a review of the Referee's decision. This request was denied on May 11, 1955; and the Referee's decision thereupon became a "final decision" within the meaning of 42 U.S.C.A. § 405(g).

On July 5, 1955, plaintiff filed a complaint which, in effect, prayed for a determination by this court that plaintiff was qualified for "mother's insurance benefits" under 42 U.S.C.A. § 402(g). After the filing of defendant's answer, both parties filed motions for summary judgment; these motions are now before me for decision.

It is not disputed that plaintiff is decedent-wage earner's widow. What is in dispute is whether the conclusion of the administrative authorities—that plaintiff was not "living with" decedent at the time of his death within the meaning of the phrase as used in 42 U.S.C.A. § 402 (g) (1) (F)—is supported by substantial evidence.

The phrase "living with" is defined in 42 U.S.C.A. § 416(h) (2) as follows:

"A wife shall be deemed to be living with her husband if they are both members of the same household, or she is receiving regular contributions from him toward her support, or he has been ordered by any court to contribute to her support; * * *."

Thus, in denying plaintiff the status she seeks to establish in the present action, the administrative authorities had to find: (1) that plaintiff and the decedent were not both members of the same household at the time of wage earner's death; and (2) that plaintiff had not received regular contributions from the decedent toward her support.

The evidence on which the administrative authorities' conclusion was based may be summarized as follows: It appears from the hearing record that plaintiff and the decedent had been married on October 5, 1941 (Record 20). They had six children: Patricia, born August 21, 1942; Thomas, born March 4, 1944; Joseph, born June 3, 1945; Peter, born November 3, 1948; and Joanne and Jane, twins, born June 28, 1953, six months after the decedent's death. Exhibit J., Record 54; Record 20, 27. With the exception of the twins, none of the children are presently living with plaintiff.

The decedent was a confirmed alcoholic. Record 21, 26, 27–29. Because of his alcoholism, the decedent and plaintiff

separated in 1947. Record 21–22. The three children (Patricia, Thomas and Joseph) who had then been born were taken into custody by the Department of Welfare of the City of New York. That Department still has custody of these three children. Record 21–22. Plaintiff claims that the twins (Joanne and Jane) are presently living with her. Record 24. Peter, the remaining child, has apparently been adopted, under circumstances not disclosed by the record. Record 54.

After plaintiff's separation from the decedent in 1947, she lived with her sister for about a year. Record 22. Thereafter, she lived in a succession of apartments. These were rented by plaintiff and not by the decedent. Record 22, 23, 24. Plaintiff and the decedent were not members of the same household, although on occasions the decedent visited plaintiff. Record 24, 25, 27, 34–35. These visits were sporadic and of uncertain duration. Plaintiff testified that the decedent would call on her for a "couple of days sometimes a week. I don't know," and then disappear. Record 27. The three children born subsequent to 1947 were, presumably, a result of these visits.

The decedent died on January 18, 1953. His certificate of death lists his address as 272 Bowery, New York; and that certificate describes the building at this address as a hotel. Exhibit C, Record 45.

The record discloses that the decedent's condition grew progressively worse after his separation from plaintiff. Record 29, 32. His Social Security wage record shows no earnings for the years 1949 and 1950. Exhibit D, Record 47. In 1951 and 1952, he had earnings of $662 and $32, respectively, according to his Social Security records. Exhibit D, Record 47.

Plaintiff testified, at the April 1955 hearing, that the decedent visited her occasionally during 1952 and gave her an average of $80 a month, Record 29–30; but her testimony is completely unsubstantiated. Furthermore, that testimony is contradicted by her own prior sworn statements. For example, on April 12, 1954, plaintiff filed an application for "child's insurance benefits" on behalf of the two youngest children whom she claimed were then living with her. Exhibit J, Record 53–56. In that application, she stated: " * * * my husband did not contribute regularly and substantially to my support. We were separated at the time of his death."

Moreover, plaintiff's attorney, who is also her cousin, stated in a letter dated March 24, 1954: " * * * as you probably know, Mr. and Mrs. Healey were not living together at the time of Mr. Healey's demise, due to unhappy differences which had arisen between the parties." Exhibit K, Record 57. Plaintiff's attorney later contended that this statement was a result of inadequate information on his part. This assertion does not completely negate the probative effect of his original statement.

Finally, it is to be noted that, in plaintiff's application for "mother's insurance benefits", she stated that she was not living with the decedent when he died, and that the reason for their separation was incompatibility. Record 59.

42 U.S.C.A. § 405(g), which authorizes judicial review of determinations made by the Social Security Administrator, specifically limits the scope of such review by providing: "The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive * * *." See Thompson v. Social Security Board, 1946, 81 U.S.App.D.C. 27, 154 F.2d 204; Social Security Board v. Warren, 8 Cir., 1944, 142 F.2d 974; Holland v. Altmeyer, D.C.Minn. 1945, 60 F.Supp. 954; Rambin v. Ewing, D.C.La.1952, 106 F.Supp. 268.

My conclusion is that the decision of the administrative authorities was supported by substantial evidence. Accordingly, defendant's motion for summary judgment is granted; plaintiff's motion for summary judgment is denied.