Henry G. BURNETT, Plaintiff,

v.

Arthur S. FLEMMING, Defendant.

Civ. No. 35596.

United States District Court
N. D. Ohio, E. D.

Dec. 16, 1960.

Henry DuLaurence, Cleveland, Ohio, for plaintiff.

Russell Ake, U. S. Dist. Atty., Cleveland, Ohio, for defendant.

McNAMEE, Chief Judge.

This action arises on a complaint to review the decision of the Secretary denying plaintiff's claim for disability benefits under the Social Security Act (hereafter the Act).

Under date of February 29, 1959, Orrel J. Mitchell, Referee, held that the plaintiff was not entitled to a period of disability and to disability benefits under the Act. Plaintiff thereafter filed his request for a review by the Appeals Council, which was denied. The Referee's decision thus became the decision of the Secretary. In this action for review the Secretary has filed a Motion for Summary Judgment based implicitly on the ground that there is no dispute that the Secretary's decision is supported by substantial evidence. The motion is unopposed. Section 223(c) (2) of the Act, 42 U.S.C.A. § 423(c) (2) provides:

"The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. * * * An individual shall not be considered to be under a disability unless he furnishes such

proof of the existence thereof as may be required." (Section 216(i) (1), 42 U.S.C.A. § 416(i), contains an identical standard.)

The burden is upon the plaintiff to establish his claim of a physical impairment "which can be expected to * * * be of long-continued and indefinite duration" by medical evidence. Plaintiff is about 55 years of age and his complaints are: (1) arthritis; (2) spreading of his great left toe from the others due to deformity (hallus valgus) with a loss of feeling in the toe; (3) fracture of his right arm resulting in a permanent disunion of the humerus.

(1) There is no medical evidence indicating that plaintiff's arthritis is of such a nature as to prevent him from engaging in gainful employment; (2) Surgery was performed to correct the hallus valgus condition of his toe. The operation was successful in part. Although this infirmity has not been remedied completely it has not been shown that the discomfort from which plaintiff suffers as a result of this condition has incapacitated him from gainful employment; (3) There is a conflict in the medical evidence on the question of whether the disunion in plaintiff's right arm can be remedied by surgery. However, it was shown that plaintiff is naturally left-handed; that he is able to perform the normal day to day living activities and that he can walk without serious difficulty, and engages in many activities despite his handicap.

The Referee's determination that plaintiff is not disabled within the meaning of Section 223(c) (2) of the Act is supported by substantial evidence. Hemmerle v. Hobby, D.C.N.J.1953, 114 F. Supp. 16; Crooks v. Folsom, D.C.E.D. N.Y.1957, 156 F.Supp. 631.

There being no genuine dispute that the Secretary's decision is supported by substantial evidence the motion for summary judgment is granted.