**Benton ROBERSON, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 3962.**

United States District Court
W. D. Kentucky,
Louisville Division.

Dec. 22, 1960.

Gibson & Gibson, Louisville, Ky., for plaintiff.

William B. Jones, U. S. Atty., Louisville, Ky., for defendant.

BROOKS, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a "final decision" of the Secretary of Health, Education and Welfare. The "final decision" of the Secretary developed from a decision by a hearing examiner which the Appeals Council refused to review and which held that the plaintiff is not entitled to a period of disability nor to disability insurance benefits under the provisions of Sections 216(i) and 223 of the Act, 42 U.S.C.A. §§ 416(i), 423. It was held by the Secretary that although the plaintiff does have a substantial and painful medically determinable physical impairment, that the impairment has not reached the level of severity so as to prevent the plaintiff from engaging in some substantial gainful activity. Both parties have filed motions for summary judgment.

Plaintiff's condition has been diagnosed by his doctors as a tumor mass under the right knee connected with the tibial nerve. He testified that his leg is a source of constant pain and that he cannot engage in any gainful work because he must lie down three or four times daily to relieve his pain. The hearing examiner after considering all the evidence and after noting that many people work every day although in pain stated:

"In this case the evidence shows that the claimant has an eighth grade education. At the hearing he appeared to be a man of rather superior intelligence with a good command of English. He has been a successful carpenter-contractor. In such work he either has had to build or supervise the building of houses from the ground up, including trim and cabinet finish. He knows how to do this work and how to supervise such work. There is not one line of evidence to show that this claimant couldn't continue to supervise the building of houses, just as many building contractors do. Great numbers of them never touch a hammer or saw. There is nothing in the evidence to show that this man could not run an elevator or act as a watchman, which would require alternate sitting and walking; he undoubtedly could repair furniture in a small shop or do many other things that would be substantially active and gainful."

■■ Disability is defined in Section 223(c) (2) of the Act as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long continued and indefinite duration. Keeping in mind that the burden of proof as to disability rests with the plaintiff, Hobby v. Hodges, 10 Cir., 215 F.2d 754; Social Security Board v. Warren, 8 Cir., 142 F.2d 974; United States v. LaLone, 9 Cir., 152 F.2d 43, it cannot be said that the finding of the hearing examiner that plaintiff's impairment does not prevent him from engaging in any substantial gainful activity is not supported by substantial evidence. Since Section 405(g) of the Act provides that the findings of fact by the Secretary if supported by substantial evidence shall be conclusive, the motion of the defendant for summary judgment must be sustained.

Counsel for defendant shall tender judgment.