## Antonio SOLER

### v.

### Abraham A. RIBICOFF, Secretary of Health, Education and Welfare.

United States District Court
S. D. New York.

Feb. 15, 1962.

Gordon & Miller, New York City, for plaintiff.

Robert M. Morganthau, U. S. Atty., by John Hanna, Jr., Asst. U. S. Atty., New York City, for defendant.

BONSAL, District Judge.

Plaintiff brings an action under § 205 (g) of the Social Security Act, as amended (42 U.S.C. § 405(g)) for review of the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for a period of disability. The defendant moves, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings in accordance with § 205(g).

■■ The sole question before this Court is whether the final decision of the defendant's predecessor is supported by substantial evidence. 42 U.S.C. § 405 (g); Jacobson v. Flemming, 186 F.Supp. 936 (S.D.N.Y.1960); Healey v. Folsom, 139 F.Supp. 285, 287 (S.D.N.Y.1955). If there is a substantial basis for the Secretary's findings, then the finality of his decision extends to the inferences and conclusions drawn from the evidence. Adams v. Flemming, 276 F.2d 901, 903 (2d Cir. 1960).

■ The Secretary's decision is embodied in a lengthy and exhaustive opinion by the Appeals Council of the Department of Health, Education, and Welfare dated November 18th, 1960. The Council considered the evidence originally before the hearing examiner, as well as the additional evidence presented by plaintiff. In its opinion the Council made reference to medical treatises of recognized authority. Plaintiff's contention that this was improper is without merit. Medical, and other treatises are regularly resorted to for guidance in both the judicial and administrative processes.

■ After careful consideration of the whole record, I find there is substantial evidence to support the decision of the defendant. Therefore, the defendant's motion for judgment on the pleadings is granted. The plaintiff's complaint as amended is dismissed.

Settle order on notice.