S/ Charles M. Dulin

Notary Public

My commission expires Nov. 1, 1962. (Seal)

Charles P. **WASHBURN**

v.

Arthur S. **FLEMMING,** Secretary of Health, Education and Welfare.

Civ. A. No. 59–943.

United States District Court
D. Massachusetts.

Dec. 16, 1960.

Cortland A. Mathers, Brockton, Mass., for plaintiff.

Elliot L. Richardson, U. S., Atty., James W. Noonan, Asst. U. S. Atty., Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405

(g), for review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for benefits under the Social Security Act.

Plaintiff applied for benefits upon attaining the age of 65 on February 25, 1958. He became eligible for benefits on that date, subject to a deduction under § 203(b) of the Act for earnings in excess of $1,200. The referee found that plaintiff here had in 1958 earnings of at least $2,080 and earnings of more than $80 for each month [1] and was therefore not entitled to any payment for 1958, and further that in 1959 up to the time of referee's decision he continued to be similarly employed at a rate of compensation which made him subject to a temporary deduction for each month up to that date.

If the findings of the Secretary as to plaintiff's earnings are correct, he is not entitled to payments for the months in question. 42 U.S.C.A. § 403 (b) (1) and § 403(e) (2). Plaintiff had the burden of proving that his earnings in any month were not such as to require a deduction. 42 U.S.C.A. § 403(e) (3) (B) (ii). The findings of fact of the Secretary as to plaintiff's earnings are conclusive and binding on this court in this action if there is in the record substantial evidence to support them. Walker v. Altmeyer, 2 Cir., 137 F.2d 531; Irvin v. Hobby, D.C., 131 F.Supp. 851. The finality given to a finding of fact by the Secretary extends to inferences and conclusions drawn from the evidence if there is substantial basis for them.

There is evidence in the record that plaintiff since the early 1920's was President and Treasurer of C. P. Washburn Company, that he continued to hold these positions in 1958 and 1959, that the corporation was a closely held one managed by the plaintiff, his three sons and one other person, that in 1958 and 1959 plaintiff was still employed by the corporation, that he went to its office daily, and that he continued to partici-pate substantially in the various activities going on at the corporation's place of business. Plaintiff received a salary of $2,000 a year from the corporation before 1956. In 1956 and 1957 this salary was increased to $4,200, an amount which increased the amount of his Social Security retirement benefits from $88.50 per month to $108.50 per month. He testified that beginning with 1958, the year in which he became 65, this salary was reduced to $1,080 per year.

Plaintiff's testimony as to when his salary was fixed or by whom was somewhat vague. There appears to have been no formal action by the directors or otherwise. The best that can be gleaned from the record is that the amount credited to him as salary was informally agreed upon from time to time by plaintiff and his sons.

Plaintiff testified that all money received by him from the corporation or from other sources was deposited in the corporation's bank account, that a record was kept by the bookkeeper of the amount of deposits credited to plaintiff's personal account, that as plaintiff needed money for personal use he withdrew it from the corporation account, and the withdrawal was charged to his personal account in the bookkeeper's records. The total of the amounts credited to plaintiff's account in 1958, $22,489.97, and his withdrawals from the corporation in 1958, $15,899.42, were approximately the same as those for 1956 and 1957, the years in which he said he was paid a salary of $4,200.

The conclusion must be that there is substantial evidence in the record on which it could reasonably be found, as the referee did find, that at least $2,080 of the $15,899.42 drawn by plaintiff from the corporation in 1958 was intended by the corporation and the plaintiff to be compensation for services rendered by the plaintiff during 1958, that more than $80 was earned in each month in which he was otherwise eligible for retirement

1. Beginning with 1959, deduction is to be made for each month in which applicant earned $100.

benefits, and that up to the time of the referee's decision in 1959 plaintiff continued to be compensated for his services at a rate justifying suspension of his monthly payments to that time.

Judgment will be entered for defendant dismissing the complaint and affirming the decision of the Secretary of Health, Education and Welfare.