Fred P. HERBST, Plaintiff,

v.

Robert FINCH, Secretary of Health, Education and Welfare, Defendant.

No. 69 Civ. 1092.

United States District Court,
S. D. New York.

March 30, 1972.

Walter & Tepper, Brooklyn, N. Y., for plaintiff; Julian C. Tepper, Brooklyn, N. Y., of counsel.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for defendant; Mel P. Barkan, Asst. U. S. Atty., of counsel.

## MEMORANDUM

MacMAHON, District Judge.

Both parties move for judgment on the pleadings in this action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of a final decision of the Secretary of Health, Education and Welfare imposing work deductions which eliminated plaintiff's old-age insurance benefits for 1967. The deductions were imposed pursuant to 42 U.S.C. § 403(b) on the ground that plaintiff rendered services for wages in excess of the amount allowed under the statute.

Plaintiff has exhausted his administrative remedies. The Social Security Administration reviewed the 1967 deductions and upheld them. Plaintiff then requested and was granted a hearing, and the hearing examiner also upheld the imposition of deductions. Review of the hearing examiner's decision was denied by the Appeals Council of the Social Security Administration, and that denial became the final decision of the Secretary of Health, Education and Welfare.

■■■ The findings of the Secretary on social security claims must be accepted by the court if the record shows that they are supported by substantial evidence. Domanski v. Celebrezze, 323 F. 2d 882 (6th Cir. 1963), cert. denied, 376 U.S. 958, 84 S.Ct. 980, 11 L.Ed.2d 976 (1964). Inferences that the Secretary draws from the evidence must also be accepted if they are reasonably reached after due consideration of all the issues and after the parties have been heard. Walker v. Altmeyer, 137 F.2d 531 (2d Cir. 1943).

The record shows that when plaintiff first applied for old-age insurance benefits in 1966, he was the sole stockholder and president of Herbst Brothers Seedsmen, Inc. ("Herbst Bros."), a mail order seed business. Plaintiff, who was the guiding force of the company, was working some 65 hours per week on every facet of the business. As a result, work deductions were imposed on his benefits for 1966. He reapplied for benefits for 1967, claiming that he was retiring and that his sons were taking over active management of the company as of the beginning of that year. However, plaintiff continued to work at least 33 hours per week during 1967, serving as a director of the corporation, offering his advice on management decisions, and helping with sales promotion. He also made 18 business trips during the course of the year for which the company reimbursed him.

■■ It is undisputed that plaintiff rendered services to Herbst Bros. during 1967. The issue in dispute is whether plaintiff received wages for those services.

The Secretary concluded that plaintiff was constructively paid wages in 1967. That conclusion was based on a social security regulation which provides that: "wages are constructively paid when they are credited to the account of or set apart for an employee so that they may be drawn upon by him at any time although not then actually reduced to possession. To constitute payment in such a case (i) the wages must be credited to or set apart for the employee without any substantial limitation or restriction as to the time or manner of payment . . . or (ii) there . . . [must be] an intention by the employer to pay or to set apart or credit, and ability to pay wages when due. . . ." 20 C. F.R. § 404.1026(b) (2).

We think the facts were sufficient to support the Secretary's conclusion that plaintiff was constructively paid for his services in 1967. In 1963, the board of directors of Herbst Bros. passed a resolution that plaintiff was to be paid $42,000 for his services each year. That resolution was never revoked, and plain-

tiff admitted at the hearing that he was entitled to be paid for his services in 1967 in accordance with it.

Plaintiff claims that he waived payment for 1967 and that the salary was never drawn nor set aside for him on the corporate books. However, he offered no evidence that the corporation revoked its intention to pay him according to the 1963 resolution, and thus wages may be said to have been set apart for him. Certainly the corporation had sufficient earnings and capital with which to pay the salary, and there was no limitation on plaintiff's ability to draw it since he had unrestricted authority to write checks on the corporate account.

Plaintiff's claimed waiver of his salary must be viewed in light of the regulation, which states that where an employee has the authority to withhold wages for himself, those wages will be considered constructively paid if the employee withholds them exclusively in his own interest rather than the employer's interest. 20 C.F.R. § 404.1026(b) (2). In the present case, plaintiff's waiver appears to have been in his own interest since it would result in increased value for the company's stock, all of which he owned, while still allowing him to collect old-age insurance benefits. The courts have also held that under the Social Security Act, wages are constructively received where an employee is the sole stockholder of a company, where the company was able and ready to pay his salary, and where it was solely his choice not to take the salary. Emlen v. Social Security Bd., 148 F.2d 927 (3d Cir. 1945). Consequently, we conclude that there is sufficient evidence in the record to support the Secretary's finding that plaintiff was constructively paid for the services he rendered in 1967.

Plaintiff also claims that he was not given a fair hearing. We think the record clearly refutes this claim. Although the hearing examiner may have exhibited some impatience with what appeared to be either confusion or attempted evasion on plaintiff's part, the examiner also consistently attempted to clarify issues for the plaintiff and repeatedly suggested that he obtain counsel or other outside advice for purposes of the hearing.

Accordingly, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings, affirming the decision of the Secretary of Health, Education and Welfare, is granted. There being no just reason for delay, the Clerk of the court is directed to enter judgment dismissing the action.

So ordered.